WALLACE v. COLUMBIA, &c., RAILROAD COMPANY.

1. O<small>BSTRUCTION OF</small> S<small>TREAMS BY A</small> R<small>AILROAD</small>.—In action against a railroad company for damage done to plaintiff's land, through which a right of way had been given, caused by the obstruction by defendant of flowing streams, the complaint fails to state facts sufficient to constitute a cause of action, where it does not allege any facts tending to show that the railroad company in constructing its roadbed wantonly or negligently or unskilfully obstructed these streams at their crossing.
2. C<small>ONCLUSION OF</small> L<small>AW</small>.—An allegation in a complaint that an act has been "wrongfully" done states merely a conclusion of law.

Before N<small>ORTON</small>, J., Fairfield, February, 1890.

This was an action by John Wallace against The Columbia & Greenville Railroad Company, commenced January 17, 1889. The complaint was as follows:

The plaintiff above named, complaining of the above named defendant, alleges:

1st. That the defendant is and was at the times hereinafter mentioned a corporation duly organized under and by virtue of the laws of the State of South Carolina, and was the owner of a track or roadbed which passed through the premises hereinafter described.

2nd. That at the time of the organization of said corporation and the building of the said track, the said defendant was given the right of way through the premises hereinafter described.

3rd. That before and at the time of the commission of the grievances hereinafter mentioned, the plaintiff owned a farm in the County of Fairfield, in said State, of three thousand acres, more or less, situate on Broad River, and bounded by lands of David L. Glenn, James A. Clark, Joseph Freshley, and others,

through which said farm the waters of a certain stream or branch or creek, known as Hunt's Branch, were accustomed to flow, and the plaintiff was and is entitled to the free and unobstructed flow of said waters in the channel of said stream below and above said property.

4th. That on the        day of ·        , 1882, the defendant wrongfully erected a dam or obstruction in said branch, and has ever since maintained the same to a great height. across said stream and above the plaintiff's said property, and has thereby during said time obstructed and stopped the natural flow of said stream, and raised it eight feet above its ordinary level, and caused it to back up on the said property and flood the same, and to destroy the ditches and other improvements of one hundred acres of soil land of the value of one thousand dollars—fifty acres of said land are covered with water as well as with sand and other sterile earth, and fifty other acres made wet and swampy, and thereby rendered useless, to the damage of the plaintiff in the sum of three thousand dollars.

II. Second. And for a second cause of action plaintiff alleges:

1st. That defendant is, and was at the times hereinafter mentioned, a corporation duly organized under and by virtue of the laws of the State of South Carolina, and was the owner of a track and roadbed and appurtenances thereto belonging, which passed through the premises hereinafter described.

2nd. That before and at the time of the commission of the grievances hereinafter mentioned, the plaintiff owned and possessed a farm in the County of Fairfield, in said State, of three thousand acres, more or less, situate on Broad River, and bounded by lands of David L. Glenn, James A. Clark, Joseph Freshley, and others, through which said farm the waters of a certain branch (near Wallaceville) were accustomed to flow, and the plaintiff was and is entitled to the free and unobstructed flow of said waters in the channel of said stream below and above said property.

3rd. That on the        day of        , 1882, the defendant wrongfully erected a dam or obstruction in said branch, and has ever since maintained the same to a great height across the said stream above the plaintiff's said property, and has thereby, dur-

ing said time, obstructed and stopped the natural flow of the water in said stream and raised it eight feet above its ordinary level and caused it to back up on said property and flood the same, and to destroy the ditches and other improvements on seventy-five acres of said land, of the value of eight hundred dollars, to cover fifty acres of said land with water, sand, and other sterile earth, and fifty other acres made wet and swampy and thereby rendered useless to the damage of the plaintiff in the sum of two thousand dollars.

Wherefore the plaintiff demands judgment against the defendant—

(1) That defendant be required forthwith to remove the said obstructions from the said branches, which were wrongfully placed in said branches as aforesaid.

(2) For the sum of six thousand eight hundred dollars, the reasonable damages to plaintiff's property, caused, as aforesaid, by the wrongful acts of the defendant, as hereinbefore described.

At the call of the cause for trial, defendant objected that the complaint did not state facts sufficient to constitute a cause of action. This was overruled, and the correctness of this ruling is the only question considered by this court.

*Mr. B. L. Abney*, for appellant, on the point considered by this court *cited* 28 S. C., 397; 33 *Id.*, 216; 11 Stat., 351; 35 N. H., 572; 23 N. Y., 42; 10 S. E. Rep., 29; 39 Am. & Eng, R. R. Cas., 259; 20 *Id.*, 103; 1 Rorer Railroads, 403; Gould Waters, § 250; 99 U. S., 635; 33 Pa. St., 175; 29 N. Y., 634; 88 *Id.*, 351; 13 S. C., 97.

*Messrs. Ragsdale & Ragsdale*, contra, cited 1 Abb. Forms, 472; Pom. Rem., § 455; Code, § 163.

February 9, 1891. The opinion of the court was delivered by

MR. JUSTICE McIVER. This was an action to recover damages alleged to have been caused by certain obstructions to the natural flow of certain streams of water running through plaintiff's land, by the erection of a dam over and across the same by

the defendant, and also that defendant be required forthwith to remove said obstructions. An oral demurrer was interposed upon the ground that the complaint did not state facts sufficient to constitute a cause of action, which being overruled, the case proceeded to trial, which resulted in a verdict in favor of the plaintiff for twenty-three hundred dollars. The defendant gave due notice of appeal, alleging error in refusing to sustain the oral demurrer, and also in certain charges and refusals to charge, as pointed out in the exceptions.

Inasmuch as it does not appear in the "Case" that any judgment has ever been entered on the verdict, the respondent insists that the only issue which can be considered here is that arising on the demurrer; there being no notice of appeal from any final judgment, although the notice of appeal which was given, does state that it will also be based upon certain exceptions to the charge of the Circuit Judge. Under the view which we take of the demurrer, it will not be necessary to consider the technical point thus raised by respondent as to the form and scope of the appeal.

The sole question, therefore, which we propose to consider is whether the complaint contains sufficient allegations of fact to constitute a cause of action in favor of the plaintiff against the defendant. These allegations are substantially as follows: That the defendant was a corporation duly organized under the laws of this State, and was the owner of a track or roadbed which passed through the lands of plaintiff; that the defendant was given the right of way through said lands; that plaintiff was the owner of a large body of land through which the waters of certain streams were accustomed to flow, and was entitled to the free and unobstructed flow of said waters in their natural channel; that in the year 1882 the defendant wrongfully erected a dam or obstruction in and across said streams, and has ever since maintained the same to a great height, and has thereby during said time obstructed and stopped the natural flow of said streams, and raised the water eight feet above its ordinary level, and caused it to back up on plaintiff's lands and flood the same to the great damage of the plaintiff, &c.

Now, stripping these allegations of all unnecessary phraseo-

5—34

logy can they amount to anything more than an allegation that the defendant has done an act which, by its charter and right of way granted to it by the plaintiff, it had the legal right to do? For the mere fact that injury has resulted to plaintiff from such act does not necessarily affect the legality of the act. We suppose that whenever a railroad company acquires the right of way over the lands of another, either by legal proceedings for condemnation or by agreement with the landowner, some injury results to the owner of the soil over which the road is constructed, but this cannot be regarded as affecting necessarily the legality of the act of the railroad company in constructing its road. The mere fact that the defendant company has, under its charter, after having obtained from the plaintiff the right of way over his lands, constructed and maintained its roadbed over said lands, does not necessarily give the plaintiff any cause of action against the company, even though the construction of the road may have resulted in injury to the plaintiff.

To invest the act of the defendant with such a character of illegality as would give the plaintiff a cause of action, some other fact must be alleged. There must be some allegations of facts showing that the defendant in doing the act which it was authorized to do, has either wantonly or through negligence done the act in such a manner as unnecessarily impaired or injured the rights of the plaintiff. It may be that, by the exercise of proper care and skill, the crossing of the streams in question might have have been so arranged as to cause but little, if any, obstruction to the natural flow of the water; and that such care and skill was not exercised by the company in constructing the work complained of. But if so, these facts should have been alleged in the complaint, for they would really constitute the plaintiff's cause of action. The wrong, if any, which was done to the plaintiff by the defendant did not consist in constructing its roadbed over the streams flowing through the lands of the plaintiff, for that it had a legal right to do. Nor did it consist necessarily in the fact that the natural flow of the water was obstructed, for that may have been the inevitable and unavoidable consequence of the construction of the railroad; but it may have consisted

in the unskilful and negligent manner in which the work was done.

Now, in the complaint there is no allegation of any fact tending to show that the road could have been so constructed as to avoid the result complained of by the exercise of proper care and skill on the part of the defendant company, and no allegation tending to show the want of such care and skill. The allegation in the complaint that "the defendant *wrongfully* erected a dam or obstruction," &c., is not an allegation of any fact, but a simple statement of a conclusion of law. As is said by Mr. Justice McGowan in *Tutt* v. *Railway Co.*, 28 S. C., 396–7 : "We think that the allegations that the defendant company 'is wrongfully in possession,' and that the plaintiff 'is entitled to the immediate possession of the said premises,' are conclusions of law, indeed, the very points in contest. The statement that an act [erroneously printed a fact] is unlawful, is not the statement of a fact. but a conclusion of law. An act which may or may not be right and lawful. according to the circumstances under which it may be done, is not properly averred to be unjust and unlawful by merely calling it so." This language applies directly to the question under consideration ; for, as we have seen, it may or may not have been unlawful or *wrongful* for the defendant to erect the dam or obstruction, according to the circumstances, or in the manner in which it was done, and hence the mere averment that it was done *wrongfully* goes for nothing, where no facts are alleged showing why it was wrongful. To same effect see the case of *Tompkins* v. *Augusta & Knoxville R. R. Co.*, 33 S. C., 216.

It seems to us, therefore, that the oral demurrer should have been sustained.

The judgment of this court is, that the order appealed from be reversed.