## LAMPLEY v. ATLANTIC COAST LINE R. R. CO.

1. WATER COURSES—NEGLIGENCE.—A RAILROAD corporation obtaining a right of way by condemnation or otherwise ten or twelve years ago, thereby obtained the right to obstruct water courses, and is not liable to a land owner under the act of 1897 (Code of 1902, 1456,) for flooding water on his lands and crops unless he show negligence in the construction of the road or other works.

2. CHARGE—IBID.—Judge should not instruct jury what acts constitute negligence, but should define negligence, and leave the jury to draw the inferences from the facts.

3. CHARGE—REQUESTS.—Refusal of proper requests is not error, when the legal principles therein stated are substantially charged.

Before TOWNSEND, J., Darlington, spring term, 1903. Reversed.

Action by John C. Lampley against Atlantic Coast Line Railroad Co. From judgment for plaintiff, defendant appeals.

*Messrs. J. T. Barron, Willcox & Willcox* and *Woods & Macfarlan,* for appellant.

*Messrs. Woods & Macfarlan* cite: *Error to allow witness to say that embankment on the other side of the river throws water back upon this side:* 59 S. C., 314; 36 S. C., 439. *To recover under sec. 2041, Code 1902, plaintiff must show negligence:* 34 S. C., 62; Eng. on Inter. of Stat., secs. 271, 341. *Sec. 2041 is unconstitutional as construed by Circuit Judge:* 63 S. C., 430; 65 S. C., 150; 47 S. C., 487; 67 S. C., 181; 63 S. C., 169; 183 U. S., 112. *Instructing jury what facts make negligence is charge on facts:* 51 S. C., 453; 61 S. C., 563; 47 S. C., 523; 51 S. C., 460. *Freshet waters are not surface waters:* 48 Am. St. R., 585.

*Messrs. Geo. W. Brown* and *Stevenson & Matheson.* The latter cite: *2041 Code is constitutional:* 67 S. C., 35. *As to surface water:* 63 S. C., 467: Jones on Eas., sec. 729; 13

Ency., 687; 58 S. C., 153; 62 S. C., 18. *Defense of extra-ordinary freshets must be pleaded:* 67 S. C., 203. *Judge did not charge on facts but gave illustration:* 63 S. C., 276, 467; 64 S. C., 176; 47 S. C., 488; 3 Strob. L., 348; 26 S. C., 480; 2 Rich. L., 638; 2 Speer, 696. *Witness may give opinion after stating facts:* 19 S. C., 66.

March 16, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY. The complaint sets forth two causes of action. The first alleges damages arising from the negligence of the defendant, in the construction of its railroad through the lands described in the complaint, whereby the Pee Dee River was obstructed and made to overflow said lands, thereby injuring them and the crops thereon growing. The second contains similar allegations, except it does not allege negligence. The jury rendered a verdict in favor of the plaintiff for $872.50.

The first question that will be considered is whether his Honor, the presiding Judge, erred in charging the jury, that it was not necessary for the plaintiff to prove negligence, in order to recover under the second cause of action. This cause of action was based upon the act of 1897, entitled "An act to make railroad corporations liable for damages resulting to land owners, from the wrongful obstruction of water courses." That act is incorporated in the Code of Laws as section 2041, and is as follows: "Railroad corporations shall be liable to land owners for all damages resulting from the wrongful obstruction of water courses, by such corporations, and it shall not be necessary to allege and prove, that such damages resulted from the negligent construction of the road or other works of such corporations, but any person who is damaged shall be entitled to recover, as in actions against individuals, upon showing the wrongful obstruction of such water courses."

Section 1456 of the Code of Laws relates to actions against individuals and is as follows: "No person shall be

permitted or allowed to make or keep up any dams or banks to stop the course of any waters, so as to overflow the lands of another person, without the consent of such person first had and obtained; nor shall any person be permitted or allowed to let off any reserved water to injure the crops upon the grounds of other persons." Prior to the act of 1897, it was decided in the case of *Wallace* v. *R. R.*, 34 S. C., 62, 12 S. E., 815, that a railroad corporation was not liable in damages for the obstruction of a water course, unless the damages resulted from negligence in the construction of its road or other works.

The words in that statute, that any person who is damaged shall be entitled to recover *as in actions against individuals,* require us to consider the law relative to actions against individuals for obstructing water courses. Turning to section 1456 of the Code of Laws, we find that an individual may obstruct a water course, so as to overflow the lands of another, provided he obtains the consent of the other individual. The defendant's railroad was completed through the said lands ten or twelve year ago, and, of course, prior to the act of 1897. When the defendant acquired its right of way through said lands, it also acquired the right to obstruct water courses, and was only liable for the obstruction, when the plaintiff alleged and proved negligence in the construction of its road or other works. *Nunnamaker* v. *Water Power Co.,* 47 S. C., 487, 25 S. E., 757; *Jones* v. *Ry. Co.,* 67 S. C., 181.

The defendant acquired the right of way (and with it the right to obstruct water courses) either by a grant from the plaintiff or those under whom he claims, or under condemnation proceedings. Either mode is the equivalent of "consent," as it conferred the right to obstruct the water courses. The plaintiff was not entitled to a recovery under the second cause of action, unless he had shown that the defendant was negligent in the construction of its road. The charge was, therefore, erroneous.

We will next consider the following exception: "Because his Honor erred in charging, as requested by the plaintiff, as follows: 'That where a railroad company obstructs a part of the natural means of escape for the waters of a stream and causes the waters by such obstruction to rise higher on the land above and remain longer on the said lands, either above or below such embankment, so that the water does not flow past the land above and below in its natural way, and so that it concentrated at and rushes through with greater velocity, such construction is negligent, and the owners of the land above and below are entitled to recover a verdict for such damage as they have suffered therefrom,' whereby his Honor charged the jury that the facts which the plaintiff undertook to prove and which he rehearsed in said portion of his charge, if established, proved negligence, clearly charging the jury in respect to matters of fact, in violation of section 26, of article V., of the Constitution of 1895. His Honor should have charged what was negligence in the law, and left it to the jury to conclude whether a certain state of facts, if established, constituted negligence."

Negligence is a mixed question of law and fact. It is the duty of the Court to define negligence, but the jury must draw the inference from the facts in each case. This exception is sustained.

The twelfth and thirteenth exceptions assign error on the part of the Circuit Judge in refusing the request therein set out, as to surface water. The Circuit Judge charged the law substantially as requested, and his refusal to charge the requests was not prejudicial to the appellant.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case remanded to that Court for a new trial.

MR. JUSTICE WOODS, *concurring.* The statute enacts in substance that railroad corporations shall be liable for dam-

ages for obstruction of water courses, arising not only from negligent construction, but from any other *wrongful obstruction*. A wrongful obstruction is an obstruction placed in a water course without legal right. An obstruction of the stream necessary to the use of the right of way acquired by grant or condemnation proceedings goes as part of the right of way, or as an incident of it, and, therefore, is not wrongful as against the party from whom the right of way is acquired. *Nunnamaker* v. *Water Power Co.*, 47 S. C., 485, 25 S. E., 151. Even after the acquisition of the right of way, however, the railroad company may wrongfully obstruct by "negligent construction of the road or other works," and it may also wrongfully obstruct in many other ways not connected with the acquisition of the right of way. For example, it may flood the lands of persons higher up the stream from whom no right of way was acquired, or it may dump into the river earth removed from some other portion of the road. In such cases the question of negligent construction would not arise, but the obstruction nevertheless would be wrongful. Where damages are claimed for such other wrongful obstruction, the facts constituting the wrong must be alleged. Here the plaintiff has alleged no facts constituting a wrongful obstruction except negligent construction, and on that he must stand; he cannot recover on the mere allegation of obstruction when the defendant had a right of way from him, without setting forth the wrong. This interpretation of the statute removes all constitutional objection to it giving full effect and consistent meaning to all of the words used in it, and as contemplated by the act, makes the liability of corporations and individuals the same in actions of this character.