### 7270

### TOUCHBERRY v. NORTHWESTERN R. R. CO.

Railroads—Negligence—Waters.—A complaint alleging that a railroad had erected a solid embankment across a swamp which drained the water from the lands of another, where an embankment with drains had been formerly maintained, and the maintenance of the present embankment caused sickness in the landowner's family, damage to a part of his lands, and rendered the embankment less secure, states facts from which, if proved, a jury could infer lack of reasonable skill and care in the construction of the roadbed.

Before Watts, J., Clarendon, September, 1908. Reversed.

Action by E. J. Touchberry against Northwestern Railroad of South Carolina. From order sustaining demurrer, plaintiff appeals.

*Mr. Charlton DuRant,* for appellant, cites: *Railroad must use reasonable care and skill in construction:* 36 S. C., 93; 72 S. C., 114; 4 Ency., 940; 13 Ency., 692; 67 S. C., 181; 34 S. C., 66; 47 S. C., 464, 487; 25 S. C., 30; 28 N. W., 633; 66 S. C., 302; 71 S. C., 160; 39 S. C., 472; 41 Minn., 384; 38 Am. R., 754, 139; 14 L. R. A., 495; 16 S. C., 571; 58 S. C., 357; 52 S. C., 396. *Complaint alleges obstruction of a natural water course:* 75 S. C., 82; 11 Ech., 602; 12 N. J. Eq., 280; 55 Mo., 462; 9 Am. R., 276; 37 Am. R.,

241; 22 Kans., 352; 57 Am. R., 75; 62 S. C., 18; 48 Cent. Digest Col., 2343; 72 Am. Dec., 402.

*Messrs. Jos. F. Rhame* and *Purdy & O'Bryan,* contra, cite: *It is necessary to allege an improper or negligent construction:* 34 S. C., 66; 47 S. C., 464, 485; 71 S. C., 158. *Grant of right of way carries injury from construction:* 7 L. R. A., 213; 3 Ell. on R. R., 213, 1283; 51 N. H., 483; 19 S. E. R., 522; 17 S. C., 138. *Railroad company could raise its roadbed if necessary for its proper use:* 23 Ency., 714; 69 Ga., 396; 34 S. C., 66; 47 S. C., 464, 485; 67 S. C., 194; 71 S. C., 243, 158; 67 S. C., 181; 68 S. C., 470; 17 S. C., 138.

August 10, 1909. The opinion of the Court was delivered by

Mr. Justice Woods. This appeal is from an order sustaining a demurrer, on the ground that the complaint failed to state facts sufficient to constitute a cause of action. As the case is not free from difficulty and depends on the precise language of the complaint, it is better to set it out in full.

After stating that the defendant is operating a railroad through a portion of the county of Clarendon, and that the plaintiff owns two tracts of twenty-nine and thirty-five acres of land in that county, the complaint continues:

3. "That J. W. Touchberry owns a tract of land immediately across the defendant's railroad from the thirty-nine acre house tract of the plaintiff above mentioned, and that there is upon the said J. W. Touchberry's tract of land the head of a branch known as Beatson's branch, which is a natural water course beginning from its head upon the land of the said J. W. Touchberry and crossing the railroad of the defendant by plaintiff's land, and flowing on to a stream known as Sammy swamp by means of which the water on both of above tracts of plaintiff's land and also

water from the land of J. W. Touchberry was originally carried away. That upon the construction of the defendant's railroad many years ago a culvert was placed at the point where said branch crossed the railroad of the defendant, through which culvert, until about the year 1898, the water in said water course freely discharged.

4. "That the said culvert, affording a free and easy passage for the water in said water course, was removed about the year 1898, and the defendant then placed under said track two small openings or drains, which were insufficient to properly carry away the water at times in said water course, but as long as they remained the land of the plaintiff was not thereby injured.

5. "That on          day of September, 1906, there was a heavy rain-storm which washed out a portion of the track of the defendant at the point above referred to and the defendant immediately repaired same in a negligent manner, in that in doing so it made a solid embankment without any provision whatever for passage of the water in said natural water course, as a result of which the track of the defendant and the embankment upon which it was placed became a solid dam, holding water which was in said water course upon the land of J. W. Touchberry, including large quantities of water which fell upon the land of J. W. Touchberry and the twenty-five acre tract above mentioned and drained into the said water course, thereby preventing same from passing off in the natural and proper manner above referred to, as a result of which the water soaked into plaintiff's land, ruined the crops thereon and still continues to soak into, and ruin the land adjacent to the defendant's track, thus rendering valueless about ten acres of plaintiff's planting land, as, owing to its condition, crops will not grow upon it.

5a. "That the negligent construction of the said track as above alleged consisted in the constructing of a solid embankment or dam which has no opening to allow the

escape of the waters in said water course, thereby causing the said water to seep through the said embankment and endanger the track on same by said embankment becoming soft and liable to be washed out after heavy rains, and also making the said track more difficult and expensive to maintain by reason of water soaking into said embankment and making same soft and yielding.

6. "That prior to the entire obstruction of said water course as set out above, plaintiff's residence upon said land was healthy, but as the result of the above mentioned unlawful and negligent act of the defendant, the said place last above referred to was caused to become very unhealthy and plaintiff and the members of his family caused to be filled with malaria and to become sick and suffer for a long period of time, and still to suffer from chills and fever and other disorders, all of which were caused by the unlawful and negligent acts of the defendant in wrongfully obstructing the said natural water course, as above referred to.

7. "That the plaintiff protested repeatedly to defendant and informed the agents of the defendant of the great damage which the obstruction of said water course was doing to the plaintiff, to all of which protests the defendant paid no heed, but continued and still continues to wrongfully obstruct he said water course and to maintain the said embankment as above set out.

8. "That the acts of the defendant were grossly negligent, malicious and wilful, and in utter, wanton disregard of the plaintiff's rights, to his damage in the sum of one thousand dollars."

By the demurrer, it was submitted that the complaint does not state facts sufficient to constitute a cause of action in that:

1. "While it alleges that the construction of the railroad therein mentioned was negligent, it does not state any facts or fact showing a negligent construction of such railroad, or a negligent obstruction of a water course.

2. "Said complaint does not allege any fact or facts showing any wrong done to the plaintiff.

3. "Said complaint does not state any fact or facts showing that the said railroad was constructed in an improper manner, or that it was not necessary to construct it in the manner in which it was constructed.

4. "That only the obstruction of surface water is set forth as causing plaintiff's alleged damages, and plaintiff can not maintain an action for such damages."

There is no difference between the counsel as to the principle of law involved. A right of way acquired by a railroad company either by grant or condemnation for the construction and maintenance of its road carries with it exemption from liability for damages to the grantee or land owner arising from the use of the land for a right of way, not due to negligence. *Wallace* v. *Columbia, etc., R. R. Co.,* 34 S. C., 62, 12 S. E., 815 ; *Nunnamaker* v. *Water Power Co.,* 47 S. C., 487, 25 S. E., 751; *Jones* v. *Ry. Co.,* 67 S. C., 181, 45 S. E., 188. Applying the principle to the obstruction of water courses, the Court says, in *Lampley* v. *A. C. L. R. R. Co.,* 71 S. C., 156, 158, 50 S. E., 773 : "When the defendant acquired its right of way through said lands, it also acquired the right to obstruct water courses, and was only liable for the obstruction, when the plaintiff alleged and proved negligence in the construction of its road or other works." In. *Wallace* v. *Columbia etc. R. R. Co., supra,* a case in which the complaint was somewhat similar to this, the Court says : "The wrong, if any, which was done to the plaintiff by the defendant did not consist in constructing its road-bed over the streams flowing through the lands of the plaintiff, for that it had a legal right to do. Nor did it consist necessarily in the fact that the natural flow of the water was obstructed, for that may have been the inevitable and unavoidable consequence of the construction of the railroad; but it may have consisted in the unskillful and negligent manner in which the work was done. Now, in the

complaint there is no allegation of any fact tending to show that the road could have been so constructed as to avoid the result complained of by the exercise of proper care and skill on the part of the defendant company, and no allegation tending to show the want of such care and skill."

The question then is, whether this complaint contains allegations which, if proved, would tend to show that the damage suffered by the plaintiff was due to the negligence of the defendant. More specifically does the complaint contain allegations which if proved would tend to show that by reasonable care and skill the defendant could have fully utilized its right of way without obstructing the water course known as Beatson's branch, and so avoided the injury to the plaintiff, due to the flooding of his land.

There are allegations that the first construction provided a culvert under the road-bed which allowed free passage of the water of the branch; that the culvert was removed in 1898 and two small openings or drains substituted, and that these allowed such escape of the water of the branch as to prevent injury to the plaintiff; and that after a wash-out the defendant made a solid embankment, providing no escape for the water. The allegation is then made that this construction of the embankment without an opening for the waters of the branch to flow through was not only injurious to the plaintiff, but to the defendant also, by "causing the said water to seep through said embankment and endanger the track on same, by said embankment becoming soft and liable to be washed out after heavy rains, and also making the said track more difficult and expensive to maintain by reason of water soaking into said embankment and making same soft and yielding." This allegation, that by doing away with the culvert or other vent for the water course, the defendant had endangered its own track and made it more difficult and expensive to maintain than it had been before, taken in connection with the allegation of injury to the plaintiff from the change in the construction, was cer-

tainly a statement of facts tending to show that the obstruction of the water course and consequent injury to the plaintiff was unnecessary. From proof that the defendant by putting in so simple a means of escape for the water as a culvert or drain would have had a more beneficial use of its right of way without inflicting any injury on the defendant, the jury could infer a lack of reasonable care and skill in the construction of the road-bed.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the cause remanded to that Court for a new trial.