## 7633

### TURBYFILL v. ATLANTA & CHARLOTTE AIR LINE RY.

1. EVIDENCE—RAILROAD CROSSINGS.—Admission of opinions of witnesses as to danger of a railroad crossing was harmless here both as to statutory cause of action and that at common law.

2. RAILROADS—CROSSING SIGNALS.—The portion of the charge here complained of as instructing the jury the defendant was liable if its failure to give the statutory crossing signals *contributed* to the injury, held, when construed with other portions of the charge, not to be harmful, but to mean there could be no recovery unless such acts were a *direct and proximate* cause of the injury.

3. CHARGE—RAILROAD CROSSING.—The instruction here complained of in reference to the purpose of giving the statutory signals on approaching a crossing, especially where "as it is alleged In this case it cannot be seen on account of a curve or other obstruction," held not to be a statement of a material fact in the case, but to have been used by way of illustration.

4. IBID.—IBID.—LOOK AND LISTEN.—Instructions requested as to result of failure of a traveler to stop, look and listen, and to take precautions to protect himself from a train he knows or could have known was approaching, although the statutory signals were not given, held properly refused as they would have intimated to the jury the inference to be drawn from the facts therein stated in detail.

5. Ibid.—Gross Negligence.—Refusal of requests defining gross negligence as want of slight care, and effect of want of slight care in ascertaining if a train is approaching a crossing, held not error, because substantially covered in other requests.

6. Ibid.—Damages.—Request to instruct jury that parent cannot recover for death of child living apart from him and not contributing to his support, is on the facts and covered in previous instruction. *Trimmier* v. *Ry.*, 81 S. C., 213, *affirmed.*

7. Damages.—Age of the parent is not an element to be considered by the jury in estimating the damages to the parent from the death of the child.

8. Exceptions not argued are not considered.

Before DeVore, J., Spartanburg, October term, 1909. Affirmed.

Action by I. M. Turbyfill, as administrator of Belinda R. Hand, against Atlanta and Charlotte Air Line Railway Company.

From judgment for plaintiff, the defendant appealed on the grounds that his Honor erred:

1. "In allowing the witness, I. M. Turbyfill, to be asked the following questions: Q. 'Was that a dangerous crossing or not?' Q. 'Did you consider it so?' And in permitting him against the objection of the defendant, to answer the same. And also in permitting the following questions to be asked the witness, Parker Grier: Q. 'Was that a dangerous crossing?' Q. 'Did you consider that a dangerous crossing?' And in permitting the witness to answer the same against the objection of the defendant. And also in permitting the following question to be asked the witness, O. N. Moore: Q. 'State whether or not that is a dangerous crossing.' And in allowing the witness to answer the question against the objection of defendant. The error being, as it is respectfully submitted, that this was permitting these witnesses to give their opinion on one of the material issues in the case.

2. "In charging the plaintiff's fifth request, to wit: 'If the jury find that the deceased was killed at the time and place alleged because of neglect to give the statutory signals, and such neglect contributed to her death, then the defendant is responsible for her death, and must answer in damages therefor, unless they further find that the deceased was guilty of gross or wilful negligence, or was violating law, and that such gross or wilful negligence or violation of the law was the proximate cause of her death.' The error being, as it is respectfully submitted: (a) That by this charge his Honor instructed the jury substantially that if the deceased was killed at the place alleged because of the neglect of the defendant to give statutory signals, and that such neglect contributed to her death, that the defendant would be liable therefor, thereby leaving the jury to believe that if such neglect contributed in any manner to her death the defendant would be liable; whereas, it is respectfully submitted, that his Honor should have charged that before the defendant would be liable it must be shown that the neglect to give the statutory signals contributed as a proximate cause to her death. (b) Because his Honor further erred in charging this request because, it is respectfully submitted, that when his Honor charged the jury that the defendant would be liable if the failure to give the statutory signals contributed to the death of the intestate, unless the jury should further find that the deceased was guilty of gross or wilful negligence, or was violating the law, and that such gross or wilful negligence or violation of the law was the proximate cause of her death, he, in substance, charged and instructed them that gross or wilful negligence, or violation of law on the part of the plaintiff before it would exonerate the defendant must be 'the proximate cause of her death;' thus substantially charging them that this gross or wilful negligence or violation of law on the part of the deceased must be the sole cause of her death; whereas, it is respectfully submitted, that even if the defendant was

guilty of violating the statute, and even if such violation did contribute as 'a proximate cause' to her death, yet, that the defendant would not be liable if the deceased was guilty of gross or wilful negligence which contributed as 'a proximate' cause to her death.

3. "Because, as it is respectfully submitted, his Honor erred in charging the plaintiff's twelfth request, to wit: 'I charge you further that the Supreme Court of our State has said, "one of the purposes of requiring the signals to be continued is to give notice of the location of the train and the rapidity of its approach, especially when, as it is alleged in this case, it cannot be seen on account of a curve or other obstructions." ' The error being, as it is respect-fully submitted, that by this charge his Honor charged upon the facts, contrary to the provisions of the Constitution of 1895, and intimated to the jury that the train could not be seen by the deceased on account of a curve or other obstruction. Whereas, it is respectfully submitted, this was one of the material facts in the case to be determined by the jury from the evidence introduced, and his Honor erred in so charging.

4. "Because, it is respectfully submitted, his Honor erred in refusing to charge the defendant's third request, to wit: 3. 'The object of the law in requiring a railroad company to ring the bell or sound the whistle of an engine for five hundred yards continuously before reaching a crossing is to give notice of the approach of the engine, its location, and the rapidity of its approach, to persons expecting to cross the track at the crossing, but if a person who is expecting to cross the track at such crossing knows that the train is approaching, knows its location and the rapidity of its approach, by any other means, then the object of the statute has been accomplished; and if a person, with the knowledge that a train is approaching within five hundred yards, and knows its location and the rapidity of its approach, does enter on the track without exercising ordinary care and

caution and is injured by the collision with the train, and
if it appears that the failure to exercise ordinary care and
caution contributed to the injury, it cannot be said that the
failure to ring the bell or sound the whistle caused the
injury.' The errors being, as it is respectfully submitted:
(a) That this was a sound proposition of law applicable
to the facts in the case, and his Honor erred in not submit-
ting the question to the jury, and in allowing them to deter-
mine whether if a party intending to cross a railway track
knew of the approach of the train, its location and the
rapidity of its approach by means other than the giving of
the signals required by the statute was required to exercise
ordinary care and caution before entering on the track, and
further, that his Honor, by refusing to charge this request,
took from the jury and prevented them from determining
whether a person intending to cross the track, and who knew
of the approach of its engine, its location, and the rapidity
of its approach, by means other than by the giving of the
signals required by the statute, would be guilty of such con-
tributory negligence as would defeat a recovery. It being
respectfully submitted that when a person does know of the
approach of an engine, its location, and the rapidity of its
approach either by sight or hearing, or by any other means
other than the giving of the signals required by the statute,
and that notwithstanding such knowledge the person does
enter upon the track and is injured it then becomes a ques-
tion for the jury to determine whether or not such person
failed to exercise ordinary care and caution, and whether
such person was guilty of such contributory negligence as
would exonerate the railroad company. (b) That his
Honor overlooked the distinction existing between the com-
mon law and the statute in actions of this kind and limited
the jury to the consideration of the defense under the
statute.

5. "Because his Honor erred in failing to charge defend-
ant's fourth request, to wit: 4. 'If a person who expects to

cross a railway track at a crossing knows of the approach of
the train, that it is within five hundred yards of such cross-
ing, knows its locality, and the rapidity of its approach, and
such knowledge is derived either from the ringing of the
bell or the sounding of the whistle continuously for five
hundred yards before the train reaches such crossing, or
because the person saw and heard the train for this dis-
tance, then it is the duty of such person to exercise ordinary
care and caution to avoid coming into collision with the
train, and if he fails to exercise ordinary care and caution,
and such failure contributes or aids or helps in producing
the injury, that is, if it combines and concurs with the neg-
ligence of the railroad company in causing an injury, there
can be no recovery.' The error being, as it is respectfully
submitted, that by refusing this request his Honor took
from the jury the question of the contributory negligence of
the deceased and her failure to exercise ordinary care and
caution, provided the jury found from the facts that the
deceased had knowledge of the approach of the engine
within five hundred yards, its location, and the rapidity
of its approach; whereas, it is respectfully submitted, that
this request was a sound proposition of law, applicable to the
facts of the case, and should have been submitted to the
jury; and further, as it is respectfully submitted, it is the
duty of a person who expects to cross a railway track and
who sees or knows that a train is approaching within five
hundred yards, and who knows the location of the engine
and the rapidity of its approach, to exercise ordinary care
and caution to avoid coming into collision with the train,
and that the failure of a person so situated and under such
circumstances to exercise ordinary care and caution is con-
tributory negligence, and if such person does fail under such
circumstances to exercise ordinary care and caution, and
such failure does combine and concur with the negligence
of the railroad company as a proximate cause in bringing

about the injury, there should be no recovery, and his Honor erred in not so instructing the jury.

6. "Because his Honor erred, as it is respectfully submitted, in refusing to charge defendant's sixth request, to wit: 6. 'If a person carelessly leaves a safe place and carelessly goes into a place of danger when by the exercise of slight care such person could and would know that it was dangerous, then such person may be said to have been guilty of gross negligence, because the failure to exercise slight care is gross negligence.' It being respectfully submitted that this request embodied a sound proposition of law applicable to the facts in this case and his Honor erred in not so charging the jury. It being respectfully submitted that this request embodies a correct definition of what is gross negligence and this being one of the material defenses of the defendant, his Honor, we respectfully submit, erred in not so defining gross negligence and in refusing to charge this request.

7. "Because his Honor erred, as it is respectfully submitted, in refusing to charge defendant's fourteenth request, to wit: 14. 'The failure to stop, look and listen before entering upon a highway crossing, where it contributes as a proximate cause to an injury, is contributory negligence.' The error being, as it is respectfully submitted, that under the decisions of this Court where the failure to stop, look and listen before entering on a railroad track contributes as a proximate cause to the injury, such failure is contributory negligence, and his Honor erred in not so instructing and charging the jury, and that by so refusing his Honor took from the jury the question whether there was a failure to stop, look and listen on the part of the deceased, and whether such failure, if it existed, contributed as a proximate cause to her injury, thereby leaving the jury to believe that even though the deceased did fail to stop, look and listen before entering upon the highway crossing, and even though such

failure contributed as a proximate cause to her injury, that still she would not be guilty of contributory negligence.

8. "Because his Honor erred in refusing to charge defendant's fifteenth request: 15. 'If a person is injured by collision with a train at a highway crossing, and if the evidence shows that such person failed to stop, look and listen before going on the track, and that if he had stopped, looked and listened he would have known that he could not cross without great danger of being injured, then the failure to stop, look and listen, if they existed, may be said to have contributed as a proximate cause to the injury.' It being respectfully submitted that this request embodied a sound proposition of law applicable to the facts of this case and should have been charged; and further, that by such refusal his Honor, as it is respectfully submitted, erred, in that by refusing this request he took from the jury the question whether the failure on the part of the deceased to stop, look and listen, if such existed, before going on the track was contributory negligence on her part, such as would defeat a recovery even though she might have known, or did know, that she could not cross without great danger of being injured. Whereas, it is respectfully submitted, that in any case brought to recover damages by collision with an engine at a highway crossing, if the evidence shows that there was a failure to stop, look and listen before going on the track, and that if such person had stopped, looked and listened he would know that he could not cross without great danger of being injured, then the failure to stop, look and listen, if they existed, is contributory negligence and the jury should have been so instructed.

9. "Because, as it is respectfully submitted, his Honor erred in refusing to charge defendant's sixteenth request, to wit: 16. 'If the evidence shows that a person intending to cross a railway track could, by the exercise of slight care, have seen and known that it was very dangerous to attempt to cross such track, then if the evidence shows that such

person failed to exercise slight care, and that this failure contributed as a proximate cause to an injury by collision with a train, there can be no recovery even though the signals were not given as the statute required.' The error being, as it is respectfully submitted, that this was a sound proposition of law applicable to this case and should have been charged. It being respectfully submitted that it is the duty of a person intending to cross a railway track to at least exercise slight care to know whether it is very dangerous to attempt to cross such track, and if in any case the evidence does show that the person injured did fail to exercise slight care, and that such failure did contribute as a proximate cause to an injury by collision with a train, then there can be no recovery even though the company did fail to give the signals as the statute required, and his Honor, as it is respectfully submitted, erred in not so instructing the jury.

10. "Because, as it is respectfully submitted, his Honor erred in refusing to charge defendant's third request on the measure of damages, to wit: 3. 'In this case the evidence shows that the deceased was of age and that she was living apart from the parent, and as the evidence fails to show that the deceased contributed anything, either in money or services, for the support or aid of the parent, no damages can be allowed on this account.' The error being, as it is respectfully submitted, that as there was no evidence in this case showing, or tending to show, that the mother, for whose benefit this action is brought, received anything from the deceased either in money or by way of service for her support or aid, and the evidence further showing, beyond contradiction, that the mother was living apart from the deceased, his Honor erred in refusing this request, thereby permitting the jury in their estimate of damages to include the loss of money and services of the deceased.

11. "Because his Honor, as it is respectfully submitted, refused to charge the defendant's sixth request, on the ques-

tion of damages, to wit: 6. "The action in this case is brought for the benefit of the parent, and in considering what amount of damages should be allowed—if the jury determine that any should be allowed at all—the jury should take into consideration the age of the parent, and as the parent could not receive any aid, or support or assistance or comfort beyond her life, the jury should not render a verdict for an amount which would extend beyond the life of such parent, that is to say, they should not allow damages for a length of time beyond which they think the parent might reasonably be expected to live.' The error being, as it is respectfully submitted, that this action being brought for the benefit of a parent over sixty years of age, and the statute providing that the jury can only give such damages as are proportionate to the injury sustained by the party for whose benefit the action is brought, his Honor should have instructed the jury that in estimating the damages done the beneficiary—the mother in this case—they should not allow any damages for a time beyond which such beneficiary might reasonably be expected to live, and that by refusing this request his Honor permitted the jury to give damages for an unlimited time; whereas, it is respectfully submitted, that the injury or damages done the beneficiary by the wrongful death of the deceased must of necessity cease at the death of the beneficiary and the jury should have been instructed as the defendant requested.

12. "Because, it is respectfully submitted, his Honor erred in not charging the defendant's first request as to the contributory negligence of the deceased, without modification to wit: 1. 'It is the duty of a person who is approaching a railroad crossing, known to be dangerous, to be on the alert and to be vigilant to avoid being injured;' and in modifying the same by inserting the words 'if he knows it.'

The error being, as it is respectfully submitted: (a) That by this modification his Honor led the jury to believe that it was not the duty of a person attempting to cross a rail-

road track at a highway crossing to be on the alert and to be vigilant to avoid being injured, unless such person had actual knowledge that such crossing was dangerous. It being respectfully submitted that it is the duty of a person who is attempting to cross a railroad track, at any time or place, to be on the alert and to be vigilant to avoid being injured, and his Honor erred in not charging this request as it was written. (b) That by this modification his Honor overlooked the distinction as to the rights and liabilities of the parties under the statute and under the common law.

13. "Because, as it is respectfully submitted, his Honor erred in modifying the defendant's second request as to the contributory negligence of the deceased, to wit: 2. 'A person who is approaching a railroad crossing known to be dangerous—if the exercise of due care and caution demands it—should be on the alert and should stop, look and listen before entering on the track and, if such person does enter on the track without exercising such care as ordinary caution, under the circumstances, would demand, and his failure to exercise such care combines and concurs with the negligence of the railroad company as a proximate cause in producing the injury, then the jury would have a right to find that such person was guilty of contributory negligence.' And in modifying the same by inserting the words, 'and knows it.' The error being, as it is respectfully submitted, that his Honor, by this modification, led the jury to believe that a person attempting to cross a railroad track at a highway crossing was not required to stop, look and listen, if due care and caution demanded it, unless such person had actual knowledge that such crossing was dangerous. Whereas, it is respectfully submitted, it is the duty of a person at all times in attempting to cross a railroad track, if the exercise of due care and caution demands it, to be on the alert and to stop, look and listen before entering on the track, even though such person may not have actual knowledge of the fact that such crossing is dangerous, and his

Honor should have charged the request as submitted without modification.

14. "Because his Honor erred in charging the plaintiff's eleventh request to charge, to wit: 11. 'I charge you that if you should find that the deceased saw and heard the train, or should, by the exercise of care, have seen and heard it, nevertheless this would not deprive the plaintiff of the right to recover, and would not relieve the defendant from the obligations and penalties of the law if he failed to give the signals as required by the statute, unless you further find that the deceased was guilty of gross or wilful negligence, or was at the time violating the law.' The error being, as it is respectfully submitted: (a) That by this charge his Honor instructed the jury that if the defendant failed to give the signals and notwithstanding this, yet if the deceased saw and heard the train, the plaintiff in this action could recover unless the deceased was guilty of gross or wilful negligence, or was at the time violating the law; whereas, it is respectfully submitted, that if the deceased saw and heard the train it was not necessary for the defendant to show that she was guilty of gross or wilful negligence or was violating the law in order to prevent a recovery. (b) That by this charge his Honor overlooked the distinction between the right of the plaintiff to recover under the statute and under the common law, thereby limiting the scope of the defense to the evidence required under the statute and preventing the jury from considering the evidence as to the contributory negligence of the deceased under the common law."

*Messrs. Sanders & DePass,* for appellant, cite: *Opinion as to danger of crossing:* 59 S. C., 311; 81 S. C., 197; 17 Cyc., 25; 31 C. C. A., 515; 74 S. C., 235. *Negligence must be proximate cause of injury:* 59 S. C., 322. *Charge on disputed questions of fact:* 75 S. C., 309; 71 S. C., 62. *Signals only required to give notice:* 34 S. C., 451; 84 S. C., 137.

*Knowledge from other sources of approach of train relieves of giving signals:* 34 S. C., 451; 63 S. C., 271. *Look and listen:* 72 S. C., 392; 84 S. C., 1, 138. *Parent should not recover if child does not contribute to his support:* 76 S. C., 183. *Expectancy of parent should be considered:* 14 Am. St. R., 72; 125 Am. St. R., 882.

*Messrs. Stanyarne Wilson* and *H. K. Osborne,* contra. cite: *Opinions based on reasons are competent:* 82 S. C., 75. *Contributed to means as a direct and proximate cause:* 58 S. C., 228; 73 S. C., 256; 41 S. C., 452. *Requests as to failure to exercise slight care properly refused: Turbyfill* v. *Ry.,* 83 S. C.; 47 S. C., 375; 72 S. C., 392; 54 S. C., 509; 84 S. C., 573; *Mills* v. *Ry.,* 85 S. C. *Loss to parent is not alone pecuniary:* 29 S. C., 320; 81 S. C., 213.

July 18, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages alleged to have been sustained through the wrongful acts of the defendant in causing the death of plaintiff's intestate.

The complaint alleges: "That at Duncans, S. C., the railroad crosses the public highway. That on the 9th day of November, 1906, Miss Belinda Rutledge Hand was traveling along said highway when she was struck and killed at said crossing by the engine of a train, operated by the Southern Railway Company, under and by virtue of its lease or other contract with the defendant company. That her death was caused by the negligence, recklessness and wantonness of the defendant—through said Southern Railway Company—in the following respects:

a. "The train was off schedule time by several hours, and was running within a few minutes of the schedule time of train No. 11, for which latter train Duncans station was a regular stopping station, the place of stopping being east of said highway.

b. "The train approached said crossing at a very great
and excessive rate of speed, some sixty miles an hour, not-
withstanding the fact that by reason of the curves of the
track east of the crossing, and obstructing buildings along
the line or side of the track, that crossing was such as to
demand of approaching trains, a slow rate of speed, of
which fact, said operating company had been repeatedly
notified, warned and cautioned by municipal authorities of
said town for the protection of its residents, which notifi-
cations and warnings were wilfully and wantonly disre-
garded.

c. "The bell was not rung, nor whistle sounded by the
engineer or fireman of said train at a distance of five hun-
dred yards from said crossing, nor kept ringing or whistling
until the engine had crossed said highway, such omission
being in violation of the statute law of the State.

d. "In having no one at said crossing to warn or inform
her of the approach of said train, as ordinary prudence
required for a train, approaching such a crossing, at such
an excessive speed.

e. "Neither the engineer nor fireman were looking ahead
down the track, as was their duty—which neglect contrib-
uted as a direct cause to said injury."

The defendant denied the allegations of the complaint and
set up the defenses of contributory negligence and assump-
tion of risk.

The jury rendered a verdict in favor of the plaintiff for
$4,700, and the defendant appealed upon exceptions, which
will be reported.

*First Exception:* In their argument, the appellant's attor-
neys say: "If this action was brought under the statute alone,
on account of the failure to ring the bell or blow the whistle,
the admission of this evidence might have been harm-
less, but the complaint contains allegations of com-
mon law, as well as of statutory negligence." Rail-
road crossings are inherently dangerous, and were so

regarded by the law, before the statute was enacted. The statutory provisions were not enacted for the purpose of declaring the crossing to be dangerous, but to minimize the danger, by requiring sign boards with the words "Railroad Crossing" printed thereon, and the blowing of the whistle and the ringing of the bell, when approaching the crossing. Therefore, even if the ruling was erroneous, it was harmless, both as to the statutory and common law causes of action.

*Second Exception:* This part of the charge is free from error, when considered in connection with other portions thereof. Time and again throughout the charge, his Honor, the presiding Judge, instructed the jury, in effect, that when the word "contributed" is used, whether applied to the alleged negligence of the defendant, or the contributory negligence on the part of the plaintiff, it was necessary that it should be a proximate cause of the injury. We deem it only necessary to cite two instances: "A railway company may fail to ring the bell or sound the whistle, as the statute requires, and such failure might contribute to an injury, but unless such failure does more than merely contribute to the injury, there can be no recovery, because our Supreme Court has said that such failure must contribute as a proximate cause to the injury complained of, otherwise there can be no recovery."

"If it appears that a person was injured by collision with a railway train at a highway crossing, and that such person failed to exercise slight care, and that such failure on the part of the injured person, to exercise slight care, combined and concurred in any degree whatsoever with the failure of the railway company to ring the bell or sound the whistle, as required by the statute, as a proximate cause in producing the injury, then there can be no recovery against the railway company on account of the failure to ring the bell or sound the whistle, as the statute requires."

These were requests which were charged by the presiding Judge. The case of *Lee* v. *Ry.,* 84 S. C., 125, shows that even if there was error in the use of the word "contributed," it was rendered harmless by the charge embodied in said request. In that case the Court said: "His Honor struck out the word 'caused,' and substituted for it the words 'contributed to.' This charge made the language of the request conform to the language of the statute. It would have been error if his Honor had not already charged the jury the plaintiff's seventh request, to wit: 'When the law speaks of an act of negligence as contributing to the injury, it means as a direct and proximate cause thereof, without which the injury would not have occurred.' This Court has held that 'when the law speaks of an act of negligence as contributing to an injury, it means as a direct and proximate cause thereof.'" Citing *Bowen* v. *Ry.,* 58 S. C., 228, 36 S. E., 590; *Burns* v. *Ry.,* 65 S. C., 234, 43 S. E., 679; *Duncan* v. *Greenville,* 73 S. C., 254, 53 S. E., 367; *Turbyfill* v. *Ry.,* 83 S. C., 325.

*Third Exception:* The words "as it is alleged in this case" were used merely by way of illustration in calling attention to cases where the statute is specially applicable.

*Fourth, Fifth, Seventh and Eighth Exceptions:* "The issue of negligence should go to the jury: 1. When the facts which, if true, would constitute evidence of negligence are controverted. 2. When such facts are not disputed, but there may be a fair difference of opinion, as to whether the inference of negligence should be drawn. 3. When the facts are in dispute, and the inferences to be drawn therefrom are doubtful." 16 Enc. of Law, 465, *et seq.* (1st ed.); *Whaley* v. *Stevens,* 27 S. C., 549, 4 S. E., 145; *State* v. *Aughtry,* 49 S. C., 305, 26 S. E., 619; *Lampley* v. *Ry.,* 71 S. C., 156, 50 S. E., 773; *Pickens* v. *Ry.,* 54 S. C., 494, 32 S. E., 567; *Rinake* v. *Victor Mfg. Co.,* 55 S. C., 179, 32 S. E., 983; *Wood* v. *Mfg. Co.,* 66 S. C., 482; *Weaver* v.

*Ry.,* 76 S. C., 49, 56 S. E., 657; *Turbyfill* v. *Ry.,* 83 S. C., 325.

On the former hearing in this case (83 S. C., 325) the Court had under consideration exceptions raising similar questions, and overruled them on the ground that they were concluded by the case of *Weaver* v. *Ry.,* 76 S. C., 49, 56 S. E., 657, in which the Court said: "The presiding Judge could not have charged the request without intimating to the jury, the inference to be drawn from the facts, therein so carefully set out in detail. The instructions would have been in violation of article V, section 26, of the Constitution, and were therefore properly refused."

*Sixth and Ninth Exceptions:* These exceptions are over-ruled on the ground, that the refusal to charge the requests therein mentioned was not error, because they had already been substantially charged in the first request of the defendant, which was submitted to the jury.

*Tenth Exception:* In the first place, this request would have been a charge upon the facts, and, in the second place, the presiding Judge charged the defendant's first, second, fourth and fifth requests relative to the measure of damages, which show that even if there was error in refusing the third request, it was not prejudicial to the rights of the appellant.

*Eleventh Exception:* The ruling of the presiding Judge is sustained by the case of *Trimmier* v. *Ry.,* 81 S. C., 213, 62 S. E. 209. Upon request, the appellant's attorneys were granted permission to review that case, as to this question. The Court, however, adheres to the doctrine therein announced.

*Twelfth, Thirteenth and Fourteenth Exceptions:* The appellant's attorneys have not argued these exceptions; therefore they will not be considered.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.