## 10984

### DUNCAN *ET AL.* v. SOUTHERN RAILWAY CO.

#### (113 S. E. 357)

WATERS AND WATER COURSES—EVIDENCE AS TO IMPROPER CONSTRUCTION OF DAM HELD SUFFICIENT TO GO TO THE JURY.—In an action for damages to plaintiffs' land on account of the negligent construction of a dam across a stream flowing across plaintiffs' land, evidence as to the improper construction of the dam *held* sufficient to go to the jury.

Before MOORE, J., York, November, 1910, and 1915. Reversed.

Action by J. W. and M. A. Duncan against Southern Railway Company. From a directed verdict for defendant the plaintiffs appeal.

*Messrs. Wilson & Wilson* and *J. Harry Foster,* for appellants, cite: *Owner of easement has right to do all things necessary to the complete enjoyment thereof, without negligence:* 93 S. C., 130; 71 S. C., 159; 13 S. C., 99; 67 S. C., 181. *Negligence is for the jury:* 71 S. C., 159.

*Messrs. McDonald & McDonald,* for respondent, cite: *Rights of railway in use of its right of way:* 71 S. C.,

158; 93 S. C., 125; 93 U. S., 242; 47 S. C., 485; 2 Lewis Em. Dom., Sec. 820; 11 Stat., 404.

August 17, 1922.

The opinion of the Court was delivered by Mr. Justice Marion.

Action for damages on account of alleged negligent construction of a dam across a stream traversing bottom lands of the plaintiffs. On the trial below the Circuit Judge directed a verdict for the defendant, and from judgment thereon plaintiffs appeal upon the sole ground that—

"There was testimony that the defendant was negligent in the construction of said dam and that this question should have been submitted to the jury."

The evidence adduced established, or tending to establish, that the dam in question was constructed of rock and mud, from two to four feet in height, extending diagonally across the bed of the creek; that the dam was on the right of way of the railroad, and had been maintained for many years both before and after plaintiffs acquired their land; that the purpose of the dam was to deflect water from the creek into piping which conveyed the water into a well on the railroad right of way, from which it was pumped into a tank for the use of the defendants locomotive engines; that at one time the railroad had sunk a well within a few feet of the bank of the creek, and let the water in through a trough, deflecting into the trough by a six or eight inch plank running at an angle across the creek; that afterwards another well was dug, but no change made in the dam; that this second well was being used when plaintiffs bought their land; that subsequently other wells were placed on the south side of the creek, some distance away from the creek, and the water conveyed thereto with piping; that a dam was built to force the water into the piping; that this mud and rock dam remained unchanged for seven or eight years, until 1907; that prior to 1907 plaintiffs had been having trouble with

their bottoms on account of the overflow of the creek; that in 1907 the defendant raised the dam about a foot higher; that one of the plaintiffs at that time notified defendant's agent, in charge of the raising of the dam, that "by putting that dam so much higher" his bottoms would be ruined, and that "it was high enough before"; that the land on both sides of the creek is about the same height; that the bottoms on the south side are flat; that, if the piping on the south side of the creek had been placed as low as it had been placed on the north side, the same six or eight inch plank obstruction or dam formerly in use would have diverted the water into the well on the south side; that the channel of the creek had filled up; and that the crop yield of plaintiffs' bottoms was less after 1907 than before.

The plaintiffs' cause of action was based upon the allegation that in the spring of 1907 defendant had, without their consent and against their protest, raised—

"its dam to an additional and unreasonable height of about eighteen inches, thereby making the total height of said dam about three feet, and that the building and raising of said dam were unskillfully and negligently done."

The principles of law applicable are well settled. "Where one has an easement, such as a right of way, he has the right to all things necessary to the enjoyment thereof, provided there is no negligence." *Henry v. Railway Co.,* 93 S. C., 130; 75 S. E., 1020. The defendant unquestionably had the right to raise its dam, subject only to the fundamental duty imposed upon all "to so use their own property as not to injure others." The question is, taking into consideration all the circumstances, such as the size and character of the stream, the topography of the land, and the correlative rights of both the plaintiffs and the defendant to a reasonable user of the stream, was the change in the height of the defendant's dam made with reasonable skill and with due care to avoid injury to the plaintiffs? *Jones*

*v. Railway Co.,* 67 S. C., 194; 45 S. E., 188.   As was said by Mr. Justice McIver in *Wallace v. Railroad,* 34 S. C., 66; 12 S. E., 815:

"There must be some allegation of facts showing that the defendant, in doing the act which it was authorized to do, had either wantonly or through negligence done the act in such a manner as unnecessarily impaired or injured the rights of the plaintiff."

Under the allegations that the change in the dam involved the raising thereof to an unreasonable height, and that such construction was "negligently done" to the injury of the plaintiffs, we think the evidence adduced, however far it may fall short of convincing force, was sufficient to require that this issue should be submitted to the jury.   The testimony to the effect that the dam was "high enough before," and that the water could have been diverted by lowering the pipe instead of raising the dam, in connection with the testimony as to the purposes to be subserved by the structure, the topography of the ground, and the consequential injury claimed, etc., furnished some foundation for a possible inference of negligent construction, upon the theory that the raising of the dam was not reasonably necessary to effectuate the legitimate purposes of the defendant. *Wallace v. Railroad,* 34 S. C., 66; 12 S. E., 815; *Jones v. Railway Co., supra.*   And see note, 19 Ann. Cas., 335. Under the well-settled rule, it was for the jury and not the Court to draw the ultimate inference from all the facts and circumstances of the case.   *Lampley v. Railroad,* 71 S. C., 159; 50 S. E., 773; *Hunter v. Pelham Mills,* 52 S. C., 291; 29 S. E., 727; 68 Am. St. Rep., 904.

The judgment of the Circuit Court is reversed, and a new trial ordered.

Reversed.

Mr. Chief Justice Gary and Mr. Justices Fraser and Cothran concur.