NUNNAMAKER v. THE COLUMBIA WATER POWER COMPANY.

CONDEMNATION—DAMAGES—PROPERTY.—Where property is purchased, when it might have been condemned, the consideration is *conclusively presumed* to cover all damages to the remainder of the tract for which the owner could have obtained compensation in condemnation proceedings.

Before BUCHANAN, J., Lexington, December, 1895. Affirmed.

Action by Arthur S. Nunnamaker against the Columbia Water Power Company for damages to a tract of land caused by overflow of back water. Defendant demurred. Circuit Court sustained the demurrer. Plaintiff appeals.

*Messrs. Melton & Melton* and *J. S. Muller*, for appellant, cite: Randolph on Em. Dom., § 129; Lewis on Em. Dom., § 566, 571; 53 Ga., 178; 43 Ia., 26; Lewis on Em. Dom., chap. IV.

*Messrs. Abney & Thomas*, contra, cite: 28 S. C., 388; 34 S. C., 66; Randolph on Em. Dom., § 126, 136; 33 S. C.,

181; 2 Wall., 177; Rand. on Em. Dom., § 129, 254; 39 W. Va., 196.

Oct. 17, 1896. The opinion of the Court was delivered by

MR. JUSTICE JONES. This case being in all respects, except in one particular to be hereinafter noticed, like the case of George F. Leitzsey against the Columbia Water Power Compony, just decided by this Court, is ruled by the principles therein announced.

The point of difference in this case and the one just referred to is this: In the third paragraph of the complaint it is alleged that "On or about the 13th day of March, 1891, the said board of trustees of the Columbia Canal purchased from the plaintiff herein the right to overflow and cover with water, and keep covered with water, 14⅔ acres, part and parcel of the tract of land described in the second paragraph, and bordering on the said river." These acres, however, are not included in the sixty acres for injuries to which damages are demanded.

To this defendant demurred as follows: "The complaint upon its face shows no cause of action, in that it appears therein that the plaintiff granted to the board of trustees, under whom defendant claims, the right to overflow and cover with water, and keep covered with water, 14⅔ acres of land, being part and parcel of the same tract alleged now to be damaged by reason of the keeping up and maintaining of the dam alleged in the complaint to be a nuisance. In law this grant of the easement to overflow this portion of the particular tract of land has the same effect as if condemnation proceedings had been taken under the provisions of law, and all injuries to the residue of the tract of land are conclusively presumed to have been taken into consideration in fixing the amount of the purchase money of the parcel of land so granted." The demurrer was sustained on this ground as well as upon the other grounds stated in said Leitzsey's case, and appellant's third exception in this case alleges error. The Circuit Court did not err.

In Lewis on Eminent Domain, § 566, it is stated: "If one individual should convey to another a strip of land to be used for a railroad, there would be a release of all damages resulting from the operation of the road in a reasonable and proper manner." This is precisely what this Court decided in *Wallace* v. *Columbia &c. R. R. Co.*, 34 S. C., 62. In the last mentioned case the railroad company acquired a right of way by agreement with the landowner, and it was held that the landowner could not maintain an action against the company for damages resulting to the landowner from the construction and maintenance of its roadbed, without showing that the damage was the result of the unskillful and negligent manner in which the work was done. Randolph on Em. Dom., 129, says: "There is a well settled rule to the effect that where property is purchased when it might have been condemned, the consideration is conclusively presumed to cover all damages to the remainder of the tract for which the owner could have obtained compensation in condemnation proceedings." In *Railway Co.* v. *Smith*, 111 Ill., 363, it is held, that where a person conveys a right of way over his land, it will be conclusively "presumed that all the damages to the balance of the land, past, present, and future, were included in the consideration paid him for his conveyance, the same as an assessment of damages on a condemnation would be presumed to embrace." To the same effect is the well considered case of *Watts* v. *Norfolk & W. R. Co.*, 19 S. E. Rep., 521, which holds that when one grants to a railroad company a strip of land for its use in the construction of its road, all damages to the residue of the tract arising from construction, which can be taken into consideration in the assessment of compensation under proceedings for condemnation, are released. There are many other cases to this effect. It would be unreasonable to hold that a voluntary grant of a right of way is not as effectual to protect the grantee from suit for damages arising from its proper use, as a right of way taken under compulsory proceedings. This which is settled law as to railroads applies on principle

to canals as well. We have shown in Leitzsey's case that this land, including its use for the purpose for which it was granted, may have been condemned for the necessary use of the canal. The plaintiff, having seen fit to grant license to permanently flood a part of his tract of land for the maintenance of the canal, is presumed to have taken into consideration the damage to the residue of his tract, which would accrue to him from the proper and reasonable use of the right granted. If for such use he did not get adequate compensation in the price paid for the grant or license, and greater injury than he contemplated has resulted from such reasonable use, it is *damnum absque injuria*.

The judgment of the Circuit Court is affirmed.