### REID v. THE COURTENAY MFG. CO.

1. EASEMENT—DAMS.—When one grants an easement to overflow a portion of a described tract of land, or a right to maintain a dam at a specified height, he cannot claim damages for injury resulting naturally and necessarily from the proper use of the easement.

2. VERDICT.—Where there is no dispute as to the facts, and the question turns upon the construction of a deed, it is proper for the Court to direct a verdict.

Before Purdy, J., Oconee, May, 1902.    Affirmed.

Action by James T. Reid against The Courtenay Manufacturing Co.    From judgment for defendant, plaintiff appeals.

*Messrs. J. E. Boggs* and *Stribling & Herndon,* for appellants.    *Mr. Henderson* cites: *As to construction of deed:* 17 Ency., 4; 14 S. C., 165; 23 S. C., 233; 28 S. C., 122; 35 S. C., 327; 42 S. C., 342; 2 Strob. L., 158; 17 Ency., 2 ed., 21, 18; 22 S. C., 545; 37 La. Ann., 242; Con. 1895, art I., sec. 17; 53 S. C., 120.

*Mr. J. E. Boggs,* also, cites: *On same point:* 47 S. C., 485.

*Messrs. Jaynes & Shelor,* contra, cite: *Construction by Court was correct:* 17 S. C., 129; 25 Mo., 267; 77 N. W.,

217; Gould on Waters, sec. 307;`17 Me., 169; 14 Wend., 204; 7 Jones, 185; 63 Me., 447; 6 Ore., 459. *As to right to overflow a certain tract carries damages to adjoining lands:* 47 S. C., 485; 8 Ency., 2 ed., 695. *As to tax returns as evidence:* 65 S. C., 492.

April 19, 1904. The opinion of the Court was delivered by

MR. JUSTICE JONES. Plaintiff brought this action to recover damages alleged to have been sustained by him by reason of defendant's erection and maintenance of a dam across Little River, in Oconee County, which caused the water to back and overflow his bottom lands above on Cane Creek, a tributary of Little River. The defendant by way of defense sets up an easement by grant of plaintiff. At conclusion of the testimony, on motion of defendant, the Court, Judge Purdy presiding, directed a verdict in favor of the defendant. The plaintiff appealed from the judgment entered on three exceptions, the first of which was abandoned. The questions raised are: (1) whether the Court erred in construing the grants under which defendant claimed license or easement to overflow plaintiff's land; (2) whether he erred in not submitting the case to the jury.

It appeared in evidence that on June 30, 1890, in view of John C. Cary's purpose to procure the erection of a cotton mill on Little River, and in contemplation that the obstruction in said stream by a dam across would affect the lands of plaintiff, the plaintiff granted "unto John C. Cary, his heirs and assigns, the full power and privilege to make such obstruction in Cane Creek and Little River by building a dam or dams across the same for the purpose above named to any height he or his assigns may desire, provided that the said dam or dams may not raise the water higher or above the top end of a perpendicular iron pin which is permanently stationed in a large rock at the water's edge on the east side of Little River and a short distance below the mouth of Cane

Creek." This deed was duly executed and delivered under seal in the presence of two witnesses.

On June 1, 1893, John C. Cary duly executed a deed conveying to The Courtenay Manufacturing Company, "all those easements, rights, powers and privileges granted to said John C. Cary * * * by James T. Reid by deed dated June 30th, 1890, and recorded in O. 9; said easements, rights, powers and privileges consisting in making such obstructions in Cane Creek and Little River by building a dam or dams across the same for manufacturing purposes to any height which does not raise the water higher than or above the top of a perpendicular pin which is permanently stationed in a large rock at the water's edge on the east side of Little River and at a short distance below the mouth of Cane Creek."

Thereafter a controversy arose between plaintiff and defendant which ended in the execution of the following instrument:

"State of South Carolina, County of Oconee.

"Whereas, The Courtenay Manufacturing Company has erected a dam across Little River, in Oconee County, State of South Carolina, and has built a cotton factory which is now being operated at Newry, in said county and State; and, whereas, the obstruction of the flow of the water in the stream known as Little River, has caused to be overflowed and injured a portion of the land which I, James T. Reid, now own, situate, lying and being on the north side of Cane Creek, waters of Little River, waters of Keowee River, adjoining lands formerly owned by Jesse McMahan, J. L. Boyd and others, being the place whereon I now reside, containing five hundred acres, more or less, to wit: about twelve acres of creek bottom land lying on Cane Creek aforesaid; and, whereas, The Courtenay Manufacturing Company and I, James T. Reid, have agreed upon the amount of damage to said land to be fifteen dollars per acre for twelve acres, aggregating the sum of one hundred and eighty dollars, which the said the Courtenay Manufacturing Company has

this day paid me, the said James T. Reid (the receipt whereof I hereby acknowledge).

"Now, therefore, know all men by these presents, that I, James T. Reid, in consideration of the premises and the said sum of one hundred and eighty dollars to me in hand paid, by the said The Courtenay Manufacturing Company, have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto the said the Courtenay Manufacturing Company, its successors and assigns, the right to overflow and back water upon the said twelve acres, situate, lying and being on Cane Creek, waters of Little River, the said twelve acres being the lower portion of the creek bottom land on the tract above described, and situate nearest the dam aforesaid.

"Together with the full power and privilege to maintain and keep the dam of the said The Courtenay Manufacturing Company at its present height across Little River aforesaid for the purpose of operating its cotton mills and other machinery as it and its successors and assigns may deem advisable. And I, the said James T. Reid, do hereby bind myself, my heirs, executors and administrators, to warrant and forever defend the aforesaid power and privilege unto the said The Courtenay Manufacturing Company, its successors and assigns.·

"In witness thereof, I, the said James T. Reid, have set my hand and seal, this 23d day of December, A. D. 1897.

"(Signed)                    JAMES T. REID. [L. S.]

"Signed, sealed and delivered in the presence of J. D. McMahan, St. John Courtenay."

The Court correctly construed this deed as not only granting the right to overflow and back water upon the twelve acres named, but also granting the additional right to maintain the same across Little River at the height of the dam as it existed on December 23, 1897. The construction contended for by appellant, viz: that the deed only gave the right to overflow the twelve acres, would require that the sentence beginning with the words "Together

with," should be in effect stricken from the deed, which would violate the plainest rules of construction.

The testimony was undisputed that there had been no change in the height of the dam since December 23, 1897. Under these circumstances the Court committed no error in directing a verdict for the defendant. There was no evidence even that defendant's back water had overflowed more than the twelve acres mentioned, although there was evidence that a larger portion of contiguous bottom land had been rendered unfit for cultivation.

When one grants an easement to overflow a portion of a described tract of land, or when one grants a right to maintain a dam at a specified height, he cannot claim damages for injury resulting naturally and necessarily from the proper use of the easement. *Lynn* v. *Thomson,* 17 S. C., 138. See, also, *Nunnamaker* v. *Water Power Co.,* 47 S. C., 484, 25 S. E., 751, where the same general principle was stated and applied in a case where the right to erect and maintain a dam at a specified height was acquired by a statute under eminent domain for the purpose of constructing a canal.

The judgment of the Circuit Court is affirmed.