9069

## SUTTON v. CATAWBA POWER CO.

### (85 S. E. 409.)

RES JUDICATA—WATERS.—The right to recover damages to land caused by the building of a permanent dam on a river, pursuant to an act of the legislature providing that the corporation building the dam should be liable for all damages caused thereby, is not *res judicata* by reason of a judgment recovered in a prior action before the completion of the dam, for damages then caused to the same lands by a temporary cofferdam and other work performed in the construction of the permanent dam.

Before DeVore, J., Yorkville, June, 1914.　Reversed.

Action by A. E. Sutton against Catawba Power Company. From judgment for defendant, plaintiff appeals. The facts are stated in the opinion.

*Messrs. Hart & Hart,* for appellant, cite: 23 Stats. 207; 84 S. C. 399-409; 77 S. C. 496; 215 U. S. 259; 80 S. C. 458; 76 S. C. 327.

*Messrs. McDonald & McDonald,* for respondent, submit: *Where a permanent structure causing an injury of a permanent and continuing nature, the damages resulting therefrom, past, present and prospective, must be recovered in one action:* Jones on Easements, sec. 527, p. 426; 8 A. & E. Enc. of L. (2d ed.) 677-9, 684; Gould on Waters, sec. 416; 2 Farnham, Waters, sec. 589, pp. 1868-70; 4 Sutherland on Damages, secs. 1063-4, 1067-8, 1090; 1 *Ib.,* secs. 106, 110, 116; 112 Mass. 334; 17 Am. Rep. 106, 109, 111; 55 Iowa 652; 24 Am. Rep. 792, 795, 796; 11 S. W. 703, 704, 705; 136 Ky. 319; 136 Am. St. Rep. 256, 257; 92 Ark. 406; 135 Am. St. Rep. 193, 194; 118 N. C. 996; 22 S. E.

FOOTNOTE.—*Res adjudicata:* See note in Ann. Cas. 1915a, 583, on award in eminent domain proceedings as a bar to recovery for damages subsequently accruing.

379; 100 Am. Dec. 642; 69 Am. Dec. 253; 128 Am. St.
Rep. 959; 124 Ga. 365; 52 S. E. 539; 52 Ark. 240; 6 L.
R. A. 804; 20 Am. St. Rep. 174; 90 Ala. 24; 14 L. R. A.
462; 167 Ill. 267; 47 N. E. 206; 103 Ind. 314; 2 N. E. 821;
53 Am. Rep. 124; 71 Neb. 444; 98 N. W. 1052; 106 Va.
461; 10 L. R. A. (N. S.) 465; 46 W. Va. 151; 76 Am. St.
Rep. 806; 46 Am. Dec. 150; 118 Ill. 203; 59 Am. Rep. 341.
*The plaintiff is also barred by the judgment in the former*
*action, because, by bringing that suit, she sought the remedy*
*provided by statute, and has obtained compensation for the*
*taking of her property:* 95 S. C. 268; 134 Ga. 201; 17 S.
E. 656; 19 Idaho 595; 115 Pac. 682; 112 Md. 416; 21 Ann.
Cas. 357; 76 Atl. 254; 31 Okla. 710; 122 Pac. 1102; 123
Tenn. 584; 133 S. W. 1105; 83 Vt. 548; 77 Atl. 862; 83
Atl. 332; 57 Wash. 420; 107 Pac. 199; 73 S. E. 86; Civil
Code 1912, secs. 3028 and 3326; 229 Pa. 480; 38 L. R. A.
(N. S.) 1040; Cooley, Const. Lim. 675; 113 Tenn. 89; 106
Am. St. Rep. 810; 197 Pa. 529; 80 Am. St. Rep. 850; 15
L. R. A. (N. S.) 49; 13 Wall. 156, 166; 47 S. C. 485; 47
S. C. 464; 95 S. C. 268, 271.


April 17, 1915.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

This is an action for damages caused by the building of a
dam in Catawba River.

The plaintiff's land lies below the dam; while the dam
was in process of construction and protected by a coffer-
dam, the plaintiff brought an action for the damages
already suffered and for prospective damages. During the
progress of the trial, the plaintiff withdrew any claim for
prospective damages and recovered a judgment for fifteen
hundred dollars, for injuries already sustained. This action
is for subsequent damages.

When the plaintiff brought this action, the defendant, by
its answer, claimed that the plaintiff was estopped by her

former action, and also that the plaintiff was barred by the statute in that the dam had been erected more than six years before the commencement of the action. The question on Circuit was heard on the question of estoppel alone and on that ground the defense was sustained and judgment entered for the defendant. From this judgment, the plaintiff appealed.

The defendant relied upon two general propositions: (a) A judgment is conclusive between the parties, not only as to matters included in the action, but is conclusive also as to matters that might have been included and were not. That the plaintiff had then a right to recover for prospective damages and the judgment is conclusive as to all subsequent damages, whether demanded or not.

(b) The second proposition is that there is only one settlement for property taken by the right of eminent domain whether the amount is fixed by deed, condemnation proceedings or by judgment for damages.

As general propositions, both are unquestionably sound. Both suits demand damages for injuries to the same tract of land. In the case of *Nunnamaker* v. *Water Power Co.*, 47 S. C. 486, 34 L. R. A. 222, 25 S. E. 751, it appears that there was a conveyance of a right to overflow fourteen and two-thirds acres of land, and subsequently the plaintiff brought action for sixty acres more of the same tract of land, subsequently overflowed. In that case it was held that there could be only one assessment of damages and that assessment included all future damages, whether the damages were then in the minds of the parties or not. Many cases were cited by respondent to show that the great weight of authority sustains the Nunnamaker case.

Until the rule laid down in the Nunnamaker case is changed, in some lawful way, we are bound by it.

It was deemed desirable to apply to the legislature for an act to supplement a charter from the Secretary of State and an act was passed (Statutes of South Carolina, vol. 23,

pg. 207) which contained the following proviso: "Provided that said corporation shall be liable for all damages caused by building said dam." We must presume that the legislature knew the law and that they did not incorporate a meaningless provision. The legislature knew that the corporation would be liable for damage to land, as "land taken," and it knew further the landowners along the line of the river would be entitled to a just compensation for "land taken," as soon as any land was taken and the estimate must be made at a time when it would be impossible to estimate how much land would be taken and the estimate as to future damages would be a guess. With the law clearly before it, the legislature stipulated that the respondent shall be liable for *all damages* and the Courts must hold it liable for *all damages caused by the building of the dam.*

If, therefore, the plaintiff has suffered damages for which she has not received compensation, then by the express terms of the statute, the defendant is liable.

The general rule of public policy as to the multiplicity of suits, must give way to express legislative enactment; indeed, the legislature has the right to fix public policy.

The complaint alleges that the plaintiff has suffered damage caused by the building of the dam. If she has and has not been compensated for it, then the defendant is liable under the express terms of the statute, if she has brought her action within the time allowed by law. That is a matter of proof.

The judgment appealed from is reversed.

MESSRS. CHIEF JUSTICE GARY and JUSTICE WATTS concur in the result.

MR. JUSTICE HYDRICK, concurring in the result: Under the peculiar circumstances of this case, especially the fact that the plaintiff's first action was predicated in part upon damages caused by the cofferdam, which was a temporary

structure, I concur in the conclusion that this action is not
barred by the first.    I do not think, however, that the pro-
viso in the statute "that said corporation shall be liable for
all damages caused by building said dam," should be con-
strued to allow all other riparian owners, who have been or
may be damaged by the dam, to bring more than one action
to recover all damages, past, present and future.    I do not
think the legislature intended, by adding that proviso, to
charge the general rule of law, which had been well settled,
that where a permanent structure is erected by lawful
authority, and cannot, therefore, be abated or removed, all
damages caused by it, past, present and prospective, must be
recovered in one action.    The rule is a wise and wholesome
one.    It was intended to prevent multiplicity of actions, and
it is supported by the great weight of reason and authority.
See *Nunnamaker* v. *Water Power Co.*, 47 S. C. 485, 25 S.
E. 751, 34 L. R. A. 222, and cases cited, and the authorities
cited by respondent.    The intention of the legislature to
depart from such a wise and wholesome rule of law would
have been clearly expressed and not left to a doubtful infer-
ence, especially when the language used is susceptible of
another meaning and purpose, which fully accounts for its
use.    The preamble to the statute shows that it was applied
for and enacted because there was some doubt of the power
of the company, under a charter granted by the Secretary of
State, to obstruct a navigable stream by a dam.    The pro-
viso was added, I think, out of abundance of caution, to
anticipate and meet the contention which might possibly be
made, that because the State gave authority to build the dam,
the company building it would not be liable for any damages
caused by it.    It was probably intended also to anticipate
and obviate the contention that the company would be lia-
ble only for damages caused by the negligence in the con-
struction of the dam, as that construction had been placed
upon statutes authorizing the building of railroads on lands
acquired by grant or condemnation.    *Lampley* v. *R. Co.,* 71

S. C. 156, 50 S. E. 773, which was changed by statute. Civil Code, sec. 3115. The construction anticipated by the legislature was, in fact, contended for by the company, but, under the terms of the proviso, was denied by the Court. *Sutton* v. *Catawba Power Co.*, 76 S. C. 320, 56 S. E. 651.

It seems to me to be a strained construction of the language of the proviso to hold that, because it provides that the company shall be liable for all damages caused by the dam, there may be as many actions as a landowner damaged may see fit to bring. There is no more difficulty in recovering all damages, past, present and prospective, in one action than in doing so in one proceeding under the condemnation statute; and this construction of the proviso harmonizes it with the general rule of law and proceedings, under the condemnation acts.

MR. JUSTICE GAGE concurs in the view expressed by MR. JUSTICE HYDRICK.