9463

THOMAS v. GREENVILLE-CAROLINA POWER CO.

(89 S. E. 552.)

1. WATERS AND WATERCOURSES—CONVEYANCE OF RIGHT TO FLOW LANDS — INJURIES TO OTHER LANDS.— Where a landowner granted to a power company the right to overflow certain lands "within contour line 110," as shown by plat, containing about 22 acres, and the company raised its dam to less than the height that would overflow such land, which damaged other lands of the grantor, not by overflow of backwater, but because the filling up of the river caused slower current in the creeks, causing deposit of sediment, raising creek beds, which prevented drainage of the other tracts and rendered them unfit for cultivation, the company was liable for the latter damage, although it had not raised the water in the river to "contour line 110."

2. DEEDS—CONSTRUCTION—INTENTION.—The operation of a deed must be limited to accord with the intention of the parties.

3. DEEDS—CONSTRUCTION—INTENTION—INCIDENTAL RIGHTS.—The parties to a deed are presumed to intend that it grant all that is necessary to enjoy the right conveyed.

4. WATERS AND WATERCOURSES — CONDEMNATION OF FLOWAGE RIGHTS — INTEREST ACQUIRED.—If the company had condemned flowage rights in a tract of land, that would not have absolved it from liability for damage to other tracts.

Before DEVORE, J., Greenville, March, 1915.    Reversed.

Action by Elizabeth M. Thomas against the Greenville-Carolina Power Company.    From a judgment for plaintiff, both parties appeal.

*Messrs. Ansel & Harris,* for appellant, cite: *As to construction of deed from Mrs. Thomas:* 17 S. C. 132; 68 S. C. 470; Preamble, 3 McC. L. (14 S. C. L.) 298; 2 Bail. (18 S. C. L.) 430; 62 Am. St. Rep. 485; 3 Woods 660; 9 Pet. 317; 76 Va. 484; Potter's Dwarris, Stats. 265; Endlich, Stats., sec. 63; Sutherland, Statutory Construction, sec. 212; 23 A. & E. Enc. of L. 329; 58 N. E. 498.

*Mr. B. A. Morgan,* also for plaintiff.

*Messrs. Haynsworth & Haynsworth,* for defendant, cite: *As to construction of deed:* 32 S. C. 429; Lewis Em. Domain, sec. 566; 47 S. C. 487; 68 S. C. 466; 17 S. C. 138; 67 S. C. 194; 83 S. C. 315; 34 S. C. 66; 71 S. C. 158; 133 Fed. 323; 67 S. C. 962.

*Messrs. Carey & Carey,* also for defendant..

July 13, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This was an action for damages to plaintiff's lands caused by backwater from defendant's dam.   Plaintiff owns three separate and distinct tracts.   One lies on Saluda River; another on Shoal Creek, which empties into the river about a mile above the river tract; the third is on Doddie's Creek, which empties into the river about three-quarters of a mile below the river tract.

In 1907 defendant erected a dam across the river a few miles below plaintiff's lands.   In 1909 plaintiff executed a deed to defendant wherein it was recited that the company had erected a dam across the river 39 feet in height; that Mrs. Thomas was the owner of a large tract of land lying near the headwaters of the pond made by the dam; and that the company proposed to raise its dam 4 feet higher, which would cause the water to cover a portion of Mrs. Thomas' land.   After these recitals, for the consideration of $2,100, Mrs. Thomas granted the company as follows:

"The right to permanently overflow and damage that portion of my lands situate in said county and State lying on or near Saluda River within contour line 110, as shown by plat of Lockwood, Greene & Co., made in July, 1908, and containing by estimation 22.70 acres, more or less.   And I do

further release said company from any damages which have accrued to said lands."

The company raised its dam 3 feet, at which height the backwater reaches only to contour line 106, 4 feet below the contour line mentioned in the deed, which includes only about 22 acres of the river tract, and does not extend to either of the others, being approximately 6 feet below the lowest level of either of the other tracts. At date of the deed, no damage had been done to either of the other tracts. Some time after, perhaps a year or two, the damage to the other tracts began—not from overflow of backwater, but from the gradual filling up of the beds of the creeks with sand and mud, which was caused by the filling up of the bed of the river and the eddy water of the pond, which prevented the free flow of sand and mud through the channels of the creeks. This raised the beds of the creeks so as to prevent the drainage of plaintiff's lands, and they were made wet and sobby and unfit for cultivation. About 20 acres of the Shoal Creek tract and 10 acres of the Doddie's Creek tract were so damaged.

Defendant relied upon the deed above mentioned as a defense to the action, and, on all the evidence, moved the Court to direct a verdict in its favor, on the ground that, by the terms of the deed, for the consideration therein expressed, plaintiff granted defendant the right to flow her land up to contour line 110, and, as the evidence showed that the water had not been raised to that line, the injury complained of was incidental to and consequential on the right granted. The Court refused the motion, holding that, by the terms of the deed, the parties had in contemplation only the damage that might be done to the tract therein mentioned, and so instructed the jury, and that it did not absolve defendant from liability for damage to the other tracts. But, at request of defendant, the Court further instructed the jury that, while the plaintiff would ordinarily have the right to the usual flow of sand and water through the river

and creeks, that right is limited in this case by her grant to defendant to flow her river tract to contour line 110, and in so far as the exercise of the right granted interfered with her right to such flow of sand and water she could not recover; in other words, that the jury must deduct all damages that were caused to the other tracts solely by the exercise of the right granted.

The jury found for plaintiff $1,000 damages to the Shoal Creek tract and $446 damages to the Doddie's Creek tract. From judgment entered on the verdict, both parties appealed —the defendant, for the refusal of its motion to direct the verdict on the ground stated; and the plaintiff, for error in the instruction given at defendant's request.

Upon consideration of the terms of the deed, in the light of its recitals and the circumstances then existing, it is manifest that the parties to it had in mind, at the time, nothing further than to grant and obtain the right to overflow the land therein described. To extend it by construction to include the right to injure other separate and distinct tracts of land owned by plaintiff, not contiguous to that upon which the easement was granted, would give it an effect which neither party intended. It must be limited in its operation to accord with their intention.

This does not conflict with the rule that, where a right is granted, it includes, by implication, all that is necessary to enjoy the right, for this the parties will be presumed to have had in contemplation, as, for instance, the grant of a right to construct a railroad through grantor's land (*Wallace* v. *Railroad Co.*, 34 S. C. 66, 12 S. E. 815), or the right to maintain a dam at a certain height (*Reid* v. *Mfg. Co.*, 68 S. C. 466, 47 S. E. 718); but where the right granted is specifically defined, and is limited in express terms, as it is in this case, to the flowage of the land described, and immunity from liability for damage to that land, it cannot be presumed that the parties intended that

it should have any greater extent in its operation than that expressed.

If plaintiff had refused to grant the right, and defendant had acquired it by condemnation, under the statute authorizing the construction of the dam, and had condemned the right to flow the land described, that would not have absolved it from liability for damage to the other tracts. In 3 Sedgwick on Damages, sec. 1149a, the author says:

· "The rule as stated above, it should be added, applies only to damage from the construction of works upon the land to which the assessment relates. If parts of Black Acre and White Acre are taken, and if the work as constructed on one produces damage to the other, then there is no presumption that these were included in the assessment of the proprietor, and he may recover therefor as though no land of his had been taken for the work. This is in accordance with the rule for getting at just compensation when part of a tract is taken, which is that such compensation includes the value of the part taken, and damage to the remainder caused by the taking, and the use of the part for the purpose proposed. Damage to the remainder by what is done elsewhere than on the part taken is not to be considered."

See, also, section 1154.

The Court was right, therefore, in refusing to direct the verdict for defendant. From what has been said, it necessarily follows that the Court erred in giving the instruction excepted to by the plaintiff, and for that error the judgment is reversed.