[Civ. No. 2598. Third Appellate District.—April 23, 1923.]

FLOYD G. STERNES et al., Appellants, v. SUTTER BUTTE CANAL COMPANY (a Corporation), et al., Respondents.

[1] Right of Way—Grant at Reasonable Price—Amount Entitled —Construction of Contract.—Under a contract between land owners and a canal company for the construction of a ditch which provided that "the necessary rights of way therefor through said lands will be granted without unnecessary delay to the first party, at such reasonable price as may be acceptable to the first party," the reasonable price must be such as will reasonably compensate the property owners for whatever pecuniary injury they have suffered, and is not limited to the value of the land actually taken.

61 Cal. App.—47

[2] ID.—GRANT OF RIGHT OF WAY—DAMAGES—ESTOPPEL.—Whenever a grant of a right of way is executed by a land owner he thereby estops himself from afterward prosecuting any action for the past, present, or future damages that may have occurred, or reasonably be expected to occur, by reason of the necessary, natural, and ordinary use of the utility or public service for which the right of way is granted.

[3] ID.—ACTION TO DETERMINE PRICE—EVIDENCE—DAMAGES—SEEPAGE. Under a contract between land owners and a canal company for the construction of a ditch which provided that "the necessary rights of way therefor through said lands will be granted without unnecessary delay to the first party, at such reasonable price as may be acceptable to the first party," the grantors, in an action to determine such reasonable price, were entitled to present to the jury every item of damage or injury to their property for which they would have been entitled had condemnation proceedings been had, including damages for seepage.

APPEAL from a judgment of the Superior Court of Sutter County. K. S. Mahon, Judge. Reversed.

The facts are stated in the opinion of the court.

Arthur Coats for Appellants.

W. H. Carlin and Henry Ingram for Respondents.

PLUMMER, J., *pro tem.*—It appears from the complaint in this action that the appellants (husband and wife) are the owners of two tracts of land comprising about 200 acres situate in Sutter County, held and possessed by them as community property; that during the years 1919 and 1920 the respondent Canal Company entered upon both the said tracts of land and proceeded to excavate a canal, or ditch, of approximately fifty feet in width across parcel number one of the tracts of land owned by the appellants, and constructed levees along the side lines ·of said ditch approximately three feet in height above the natural ground, leaving the bed of the canal about two and one-half feet below the natural level of the surrounding country; that across parcel number two the width of the canal was about forty-six feet, with levees· along the side lines, and the depth of the canal about the same as across parcel number one; that the lands belonging to the plaintiffs are adapted to

the growing of grains, alfalfa, and practically all kinds of fruit trees; that the height of the water carried through the canal is above the level of the surrounding country; that during the irrigating season the water has seeped, and will continue to seep, out of said canals, and flood, injure, and damage plaintiffs' land, and render it unfit for any use but the raising of rice; and that by reason of the construction of said canal the drainage of a considerable portion of the lands belonging to the plaintiffs is obstructed, and will continue to be obstructed, rendering the said lands unfit for farming purposes, all to the damage of plaintiffs in the total sum, including the land taken, of somewhat in excess of $31,000. A cross-complaint was filed by the Canal Company, based upon an indebtedness of the plaintiffs to the defendant company, but upon such issues there is no controversy, and consideration thereof need not be given.

The trial court confined the testimony to the value of the land taken, to wit, 5.18 acres, and excluded all testimony as to past, present, and prospective damages to the land not taken, and instructed the jury that only the value of the land actually taken could be considered, which value was fixed at the sum of $530. The correctness of this ruling is the issue tendered upon appeal.

No deed to any right of way was executed by either of the plaintiffs to the defendant company, proceedings in eminent domain were not had, and this action is prosecuted as its antithesis, or opposite remedy, to which the plaintiffs are relegated where damages are sought from a public utility. The remedy of the plaintiffs by way of recoupment in damages, rather than by an injunction, is so well settled that citation of authorities is unnecessary.

It appears from the transcript that on or about the fifteenth day of September, 1919, the plaintiff, Floyd G. Sternes, and a number of other land owners entered into a contract, which contract contains the following reference to rights of way: "The cost of construction of said ditch, or ditches, and other necessary facilities, and the cost of necessary grants of rights of way therefor to the first party, shall be borne and paid by the second parties, each of the said second parties paying such *pro rata* of such costs as the area of his land set opposite his name bears to the total area of lands of all of the second parties; but said ditch or

ditches, and facilities, and said rights of way shall be the property of the first party, and the second party shall be entitled to reimbursement of said costs from the first party without interest thereon, upon the conditions and to the extent hereinafter specified.'' The manner of repayment was to be by way of giving credit by the Canal Company to the owner of the land from whom the right of way was received. The project not being carried forward as rapidly as had been anticipated, and also owing to increase in prices, costing more than had been anticipated, another agreement was entered into, dated the thirtieth day of August, 1920, between the Canal Company and certain land owners, including the appellant Floyd G. Sternes. In so far as this agreement relates to the right of way and compensation therefor, it reads as follows: ''The second parties, severally agree that whenever any of the ditches shown on said map cross their lands . . . including the ditch or ditches constructed and to be constructed by the first party, the necessary rights of way therefor through said lands will be granted without unnecessary delay to the first party, at such reasonable price as may be acceptable to the first party; the amount of money payable therefor by the first party to each respective grantor, less whatever may be required to be paid to discharge encumbrances on the land to be granted, to be credited to the party making said grant as part of the cost to be borne and paid by said party for the construction of all of said ditches and other irrigating facilities as herein provided.'' It was elsewhere provided in said contract, that the land owners were to pay to the Canal Company the sum of $20 for each acre of land owned by them, and described and referred to in the aforementioned agreements. The wife of the plaintiff Floyd G. Sternes did not sign either of the agreements mentioned.

[1] The appellants insist that under the provisions of section 172a of the Civil Code (as added by Stats. 1917, p. 829, sec. 2), the want of the wife's signature thereto renders the contracts just mentioned void. This being an action for damages for the taking of community property, and not an action to compel a conveyance, it would seem that whatever recovery is had would still be community property. However, by reason of the views hereinafter expressed, it seems unnecessary to determine such question,

as the result arrived at would be identical with the conclusions which we have reached as to the right and amount of recovery. With this in view, let us consider the language of the contracts. The first makes no mention of the measure of compensation. The latter is as follows: "The necessary rights of way therefor through said lands will be granted without unnecessary delay to the first party, at such reasonable price as may be acceptable to the first party." It will be observed that this language refers to the compensation for the right of way, and is no different from the language ordinarily used, and which would ordinarily be used by any grantor in conveying a right of way for a specific purpose. There are no limiting clauses, and no words whatever which limit the reasonable price to be paid therefor to the land actually taken, even if the agreements to make this grant had been executed by both husband and wife. As before stated, no right of way was granted; entry was made and the land taken without payment. The reasonable price referred to in the contract must be held to be such as would reasonably compensate the appellants for whatever pecuniary injury they suffered, and whatever is included in a grant of a right of way is included within the terms of the contract executed by Floyd G. Sternes alone, as well as though it had been executed also by his wife. To ascertain this we have but to examine the cases prosecuted to collect damages after rights of way have been granted. These cases all show that a grant of a right of way, in general terms, is the exact counterpart of whatever damages would be considered and determined by the court and allowed in condemnation proceedings.

In *Nunnamaker* v. *Columbia Water Power Co.*, 47 S. C. 485 [58 Am. St. Rep. 905, 34 L. R. A. 222, 25 S. E. 751], the supreme court of South Carolina declares the law as follows: "There is a well-settled rule to the effect that where property is purchased when it might have been condemned, the consideration is conclusively presumed to cover all damages to the remainder of the tract for which the owner could have obtained compensation in condemnation proceedings." And, quoting from an Illinois case with approval, "it is held that where a person conveys a right of way over his land, it will be conclusively 'presumed that all the damages to the balance of the land, past, present, and

future, were included in the consideration paid him for his conveyance, the same as an assessment of damages on a condemnation would be presumed to embrace,' '' and then says: ''There are many other cases to this effect. It would be unreasonable to hold that a voluntary grant of a right of way is not as effectual to protect the grantee from suit for damages arising from its proper use, as a right of way taken under compulsory proceedings.''

In Lewis on Eminent Domain, section 474 (third edition), it is stated that ''the conveyance of land for a public purpose will ordinarily vest in the grantee the same rights as though the land had been acquired by condemnation (citing a long list of authorities). The conveyance will be held to be a release of all damages which would be presumed to be included in the award of damages if the property had been condemned. The grantor therefore cannot recover for any damages to the remainder of his land which result from the proper construction, use and operation of the works upon the property conveyed.'' (Citing innumerable authorities.)

That damages inflicted upon land not taken by seepage may be considered in condemnation proceedings seems clearly allowable. In *Denver City Irr. Co.* v. *Middaugh,* 12 Colo. 434 [13 Am. St. Rep. 243, 21 Pac. 565], the court thus expresses its view: ''In assessing · damages in condemnation proceedings for lands taken for the purpose of constructing a ditch or reservoir thereon, injuries likely to result from seepage and leakage from such canal or reservoir would naturally be among the first items to occur to a jury.'' Further: ''An examination of the reported cases shows that there is no substantial difference in the general rules applicable to the assessment of damages in condemnation proceedings, as announced by the courts of last resort, but in the application of such rules to particular cases the same uniformity has not been observed; still no case has been called to our attention which by any fair construction can be held to be in conflict with the conclusion that damages for seepage and leakage should have been determined in the first proceeding.''

In the more recent case of *Farmers' Reservoir & Irr. Co.* v. *Cooper,* 54 Colo. 402 [130 Pac. 1004], the supreme court of Colorado uses the following language: ''In condemnation

proceedings all damages, present and prospective, that are
the natural, necessary or reasonable incident of taking the
property sought to be condemned, must be assessed.'' It
was there held that seepage, and damages resulting from
seepage, constituted an incident to be considered by the
court or jury whenever land was taken for a right of way to
construct a canal.

[2] It thus appears by an unbroken line of authorities,
and also as well as by good reasoning, that whenever a grant
of a right of way is executed by a land owner he thereby
estops himself from afterward prosecuting any action for
the past, present, or future damages that may have occurred,
or reasonably be expected to occur, by reason of the neces-
sary, natural, and ordinary use of the utility or public ser-
vice for which the right of way is granted. And this
includes the natural, reasonably to be anticipated, and ordi-
nary injury resulting to adjacent land from seepage, if the
land is of a character that admits *of* or may be reasonably
expected to admit of such action of the waters taking place.

[3] If the appellants in this case had executed a grant
of a right of way, they would be barred from prosecuting
an action for damages, because the law would presume that
such item of damage had been considered, determined and
paid for. Now, if this is true, what items of damage would
the appellant be entitled to have considered by the jury in
a case where they had only agreed—assuming that the con-
tract in this case is valid—to grant a right of way after
a reasonable price had been paid therefor? It seems to us
that the question answers itself, and that the appellants
were entitled to present to the jury and have the jury con-
sider every item of damage or injury to their property for
which they would have been entitled had condemnation pro-
ceedings been had, and which they would lawfully be au-
thorized to consider before executing a grant of a right
of way, and which the law would presume they had consid-
ered if a grant to a right of way had been executed. This
evidence the appellants were precluded from introducing by
reason of the construction given to the language of the con-
tract, in which it was held that the words found therein
by which the appellant, Floyd G. Sternes, contracted to
grant the necessary rights of way at such reasonable price,
etc., limited recovery to the value of the land actually taken,

which holding is contrary to what the appellant would have been presumed to have considered if a right of way had actually been granted. Another way of ascertaining the meaning of the contract, assuming that the contract referred to is valid, is to inquire as to what should have been the holding of the court if an action for specific performance had been instituted by the defendant. It can hardly be doubted that the words reasonable price for the right of way could only be construed as reasonable compensation for the detriment caused the owners of the land. In other words, specific performance would not be granted without adequate compensation, and that adequate compensation would include just the items to which we have referred in this opinion. If such is not the correct construction of the contract, then it would be void for uncertainty or for want of consideration. Any other construction given to the contract herein would violate the constitutional provision against taking private property, etc., without compensation.

It follows, therefore, that the appellants were deprived of the opportunity of showing what reasonable compensation should be allowed for the taking of the land necessary for the actual construction of the ditch and the natural and necessary damages incident thereto, and reasonably to be anticipated as flowing therefrom; hence a new trial must be had herein, irrespective of whether section 172a of the Civil Code (as added by Stats. 1917, p. 829, sec. 2), has any application to the facts of this case, and which in any event are really immaterial, because if the appellants are entitled to full compensation, the necessity of the wife's signature to the contract becomes wholly immaterial.

For the reasons herein given, it is hereby ordered that the judgment of the trial court be, and the same is, hereby reversed.

Finch, P. J., and Burnett, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 23, 1923, and the following opinion then rendered thereon:

PLUMMER, J., *pro tem.*—It is earnestly contended by the petitioner herein that the court did not fully consider or

perhaps did not give full weight to the fact that there were two agreements executed between Floyd G. Sternes, one of the plaintiffs in this action, and the Sutter Butte Canal Company, one of the defendants, and a large number of land owners.

It is further contended that the agreement executed on the fifteenth day of September, 1919, provided that the land owners should pay for the rights of way. The petition states: "Let it be borne in mind that the agreement of September 16, 1919, provided that the land owner should furnish the rights of way," etc.

If this interpretation of the contract were correct, the petitioner would be entitled to a rehearing, but is such an interpretation of the contract admissible? There are three references to the rights of way in the contract of September 15, 1919. They are, first, "And said second parties are willing and have agreed to advance to first party the cost of all such rights of way, construction, enlargements, ditches and works to be acquired and constructed as aforesaid."

The second reference is: "The cost of construction of said ditch or ditches . . . and the cost of necessary rights-of-way . . . shall be borne and paid by the second parties, each of the second parties paying such *pro rata* of said cost as the area of his land set opposite his name bears to the total area, etc.; but said ditch or ditches . . . and said rights-of-way shall be the property of the first party, *and the second parties shall be entitled to reimbursement of said costs from the first party, without interest thereon, upon the conditions and to the extent hereinafter specified.*"

The third reference to the right of way in said agreement reads: "The amounts deposited with the first party by the second parties to cover the cost of construction of said ditches and facilities and acquisition of rights-of-way above referred to *shall be returned by the first party to said second parties* in accordance with its rules and regulations."

The agreement dated August 30, 1920, between the parties, does not alter the provisions of the original agreement as to who should pay for the rights of way, as will be seen by the opinion of the court filed herein, which quotes in full every word of the agreement of 1920 in reference to the rights of way, and as to the manner of payment therefor,

which shows that the burden is squarely fixed upon the Canal Company.

It is further contended by the petitioner that the plaintiffs herein have waived reimbursement, but the agreement of 1920 upon which such claim is based does not bear out the contention. After having provided for the rights of way as herein stated, the agreement next sets forth that the land owner shall pay the sum of twenty dollars per acre, *after crediting said party with such amount as he or she may be entitled to for the right of way granted by him or her to the first party.* And then as to the payments made by the land owner, after such credits are allowed, the contract does contain a waiver in the following language: "Said parties making said payments shall not be entitled to reimbursement or return by the first party of any part of said payments, or of any part of said advance heretofore made by the second parties, any right of reimbursement or return thereof being hereby expressly waived and relinquished. Said parties also hereby waive and relinquish any right to claim any part of any sums of money which may be hereafter received by the first party from any other person for or on account of the construction of said ditches or other irrigation facilities, or of the costs of rights-of-way therefor." This is not a waiver of any credit which it is previously expressly provided in the contract shall be given to the land owner as compensation for any right of way granted by him. It is only a waiver of any right to demand a return of any money which he may have paid after receiving the credits to which he may be found entitled. It is true that there is nothing said about consequential damages, or what shall be considered in determining the reasonable price to be paid by the Canal Company to the land owner by way of credits, and for that very reason the court must look to the authorities to ascertain what is included within such language, and this we have fully set forth in our previous opinion herein.

Since the writing of our first opinion herein the appellate court of the first district, in the case of *Rockridge Place Co.* v. *City of Oakland, post,* p. 791 [216 Pac. 64], opinion filed April 27, 1923, has thoroughly considered the question of waiver or estoppel when applied to one's constitutional right to compensation when property is taken for a

public use.  It is there held that it is no bar to a claim for damages that the petitioner was one of the original petitioners for the improvement; that a waiver is not to be implied from the fact that the petitioner asked the improvement.   The language of the court there used, and which is pertinent here, is: "A constitutional right may not be so lightly waived. There is nothing whatever in the petition, nor in the conduct of the appellant as disclosed by the record, which evidences a purpose on his part to waive his constitutional right to claim damages to his property, caused by raising a grade of the street."   This is the language of the case of *Robinson* v. *City of Vicksburg,* 99 Miss. 439 [54 South. 858], quoted with approval by the appellate court.

With the amount of damages claimed, this court has nothing to do, hence the argument of petitioner based upon such figures as to what other property owners might claim need not be considered.   The question at issue is not the amount —it is the right to make proof of the compensation to which the plaintiffs are entitled for and on account of the right of way taken by the Canal Company, and the incidental damages to their property alleged to have been caused thereby.

Another reason why a rehearing should not be granted herein, and why the appellants are entitled to a new trial, and which was not touched upon in our previous opinion, is to be found in paragraph V of the plaintiffs' complaint. It is there alleged that said defendant (Canal Company), in constructing said canals and ditches "willfully, unlawfully, needlessly, and wantonly damaged, injured, and destroyed plaintiffs' land, and cut the same up into small parcels against the protests of the plaintiffs, when defendants could have at all times herein mentioned before the construction of said canals and, as said defendant well knew, built said canals and ditches in such a manner and in such a location as to have caused the plaintiffs far less damage and injury; and that plaintiffs did not and have never consented to the construction of said canals and ditches at the places and in the manner herein described, and that said defendant, acting as such public utility and as such public service corporation, took more of said land of plaintiffs than was reasonably necessary for public use, and that said canals were not located and built by said company in a manner most compatible with the public good and the least private

injury. . . . '' And then followed by the allegations of the complaint referred to in our previous opinion, which state a cause of action and present issues upon which the plaintiffs were entitled to introduce evidence.

The language of the agreements is not ambiguous; as we have shown by quoting therefrom, they are very clear and explicit, and we have omitted no part which would in any way change the construction which has been given upon the questions involved herein. Upon the question of rights of way and compensation therefor, both agreements are practically the same and have been considered together.

For the reasons stated in our first opinion herein, and the additional ones above stated, the petition of the defendant Sutter Butte Canal Company for a rehearing in this cause is hereby denied.

Finch, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 21, 1923.

All the Justices present concurred.