[Civ. No. 10208.   Second Appellate District, Division Two.—June 28, 1935.]

THE PEOPLE, Respondent, v. JOHN H. BARNES et al., Defendants; M. B. ROSTON et al., Appellants.

T. H. Canfield for Appellants.

Clarence W. Morris for Respondent.

CRAIL, J.—This is an appeal by the defendants M. B. and Gladys Roston from a judgment taking from them by condemnation proceedings a strip of land 19.82 feet by 88 feet for highway purposes and awarding severance damages for injuries to the remainder of defendants' lot. Defendants' fundamental contention is based upon the following language which was used in the case of *East Bay Municipal Utility District* v. *City of Lodi,* 120 Cal. App. 740 [8 Pac. (2d) 532] : "The law seems to be quite uniform that in eminent domain proceedings the damages must be assessed once and for all, and must include all the damages that might be inflicted by the condemning party." The defendants insist upon emphasizing the word "might" in the last part of the sentence. Following this thesis, the defendants first contend that the court erred in refusing to give to the jury an instruction to the effect that the damages should be based upon the *most injurious use* to which the property taken *might* be lawfully put.

It is important to note that in the instant case the property is being condemned for highway purposes and at the time of the trial the improvement had been already put in. The Lodi case was a proceeding to condemn the riparian rights of the defendant in the waters of a stream. The damages were predicated upon the plaintiff's oral statements that it would not actually use all the water in the stream by the use of its dam, but that it proposed to continue to discharge above the lands of the defendant a specified quantity of water flowing in the river which was sufficient for defendant's uses. However, there was nothing in the judgment which obligated it so to do and it consistently refused to so obligate itself. It was with this state of facts before it that the court used the language first quoted herein and upon which the defendants rely. A perusal of the Lodi case makes clear that the part of the said sentence which should be emphasized is the words "once and for all" and that the word "reasonably" should be inserted before the word "inflicted". That such was the intention of the court in that case is indicated by the following quotations included in the opinion upon which that sentence was based, " . . . damages once and for all time

based upon the most injurious use of the land *reasonably possible* to which the property might lawfully be put", and "The general rule in condemnation proceedings is that all damages, present or prospective, that are the *natural or reasonable incident* of the improvement to be made or work to be constructed . . . must be assessed." That such is the proper interpretation is also made clear by the following summation of the matter contained in the case: "The rules which we have just stated are set forth in 20 C. J., beginning on page 765, where unaccepted promises are held insufficient as a diminution of damages (citing a number of cases), and then it is further said: 'The probability that the appropriator will not exercise or the fact that there is no present intention of exercising to the full extent the rights acquired, should not be considered in reduction of damages where there is nothing to prevent a full exercise of such rights, since the presumption is that the appropriator will exercise his rights and use and enjoy the property taken to the full extent.' (See, also, the case of *Sternes* v. *Sutter-Butte Canal Co.,* 61 Cal. App. 747 [216 Pac. 66], where it was held that damages must be assessed once and for all.) "

■ The defendants, in line with their thesis, complain of the refusal to give the following instruction: "You are instructed that damages must be assessed once and for all, and that in assessing the damages, if any, to the remaining property of the defendants, you must assume that the plaintiff will use the property taken for the *most detrimental* and *injurious use possible* to which it may lawfully be put." The trial court instructed the jury in this regard to take into consideration all the injurious consequences reasonably probable and all matters and conditions which might reasonably be expected to follow the location and operation of the road, and that in assessing damages all damages, present and prospective, that are natural, necessary or reasonable incidents to the curtailment of the uses to which the land might otherwise be put must be assessed, and further instructed the jury that it must not consider a possibility that the plaintiff had no intention of exercising to the full extent the rights acquired to the property taken because there was nothing to prevent them from fully exercising the rights acquired in the property later if they so desired, and that all these factors should be

taken into consideration, as no subsequent damages could ever be allowed for consequential damages. The instruction which the court refused to give leaves out of it the element of *reasonableness* and would have permitted the minds of the jurors to take a journey into an unknown realm to search for remote, uncertain and improbable damages which *might* have been possible regardless of their reasonableness.

In spite of the inadvertent omission of the word "reasonably" in the Lodi case, section 1248 of the Code of Civil Procedure still remains the law of California in such matters. It reads in part: "What must be ascertained and assessed in condemnation suits. The court, jury, or referee must hear such legal testimony as may be offered by any of the parties to the proceedings, and thereupon must ascertain and assess: . . . (2) If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned, by reason of its severance from the portion sought to be condemned, and the construction of the improvement in the manner proposed by the plaintiff."

This same thesis of defendants appears in the arguments in support of all their points, the contention as to each of them being that the alleged errors become reversible error because of the trial court's fundamental error, and therefore it will not be necessary to say anything additional as to these points. Certainly the judgment would not be reversed on these minor points unless the defendants were correct in their fundamental contention.

Judgment affirmed.

Stephens, P. J., and Fricke, J., *pro tem.*, concurred.