[Civ. No. 18879.   First Dist., Div. One.   Mar. 27, 1961.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Respondent, v. ANGELO PERA et al., Defendants; DAVID TONELLI et al., Appellants.

Machado, Feeley & Machado and John H. Machado for Appellants.

Holloway Jones, Jack M. Howard, John H. Tallett, Robert J. DeFea, Charles W. Thissell and Robert E. Reed for Respondent.

WOOD (Fred B.), J. pro tem.*—In this proceeding in eminent domain the defendant landowners have appealed from a judgment awarding them $12,852 for the 3.048 acres taken and $934.50 for severance damages for the 8.742 acres not taken. The land taken by the state is for exchange with a railway company for a portion of the latter's right of way needed for highway purposes.

The only instruction given which defendant now claims erroneous is a definition of just compensation: ''The term 'just compensation' means 'just' not only to the party whose property is taken for public use but also 'just' to the public which is to pay for it.'' We think this a fair and an accurate statement. The court had told the jury it had the

---

*Assigned by Chairman of Judicial Council.

duty of fixing "The just compensation in accordance with the evidence . . . guided by the rules of law which the court will give you . . .," followed by an instruction on burden of proof. Then came the questioned instruction, followed by an appropriate, full and accurate exposition of the applicable rules of law. In such a context we perceive no error in the giving of the questioned instruction. We note that it stopped short of emphasizing the interest of the jurors as taxpayers which was the vice of the instruction criticized in *People* v. *Loop*, 127 Cal.App.2d 786, 805 [274 P.2d 885].

Defendants assign error in the refusal to give their instructions that income in the form of rent and that an offer for purchase of the property, if the jury should find that such an offer had been made, are proper elements for consideration in fixing the market value. These instructions were not needed. They singled out and emphasized certain elements that were adequately covered by the instructions that were given. In its instructions the court among other things appropriately defined market value and severance damages and how they are determined, and informed the jury of its duty to consider the evidence and weigh it, giving due consideration to all of the available uses of the land. At the instance of plaintiff, the court told the jurymen that in estimating market value they might judge the weight and force of the evidence by their general knowledge of the subject which they had acquired by experience and observation, and, at the instance of defendants, that they should consider the same elements of value as would be considered by private parties in negotiating a sale or rental of private property, taking into account all factors that fairly might be brought forward and reasonably be given substantial weight in fair negotiations between an owner willing to sell and a purchaser willing to buy, giving consideration to all those elements which owners or prospective purchasers generally could reasonably urge or rely upon, in fair negotiations, as affecting the fair value of the property.

We think that the instructions given put the jury in a position to give proper consideration to evidence of rentals of and offers to purchase this property and determine their bearing, if any, upon market value. The court did, quite properly, indicate a number of elements that should not be considered; e.g., the profits of a business conducted on this land, prices paid by the condemnor for other properties (except to determine the weight and credibility of valuation witnesses), enhancement in value arising solely and directly from the pro-

posed public improvement, and other factors the incompetency of which might not be known to the jurors. Rentals and offers made for the purchase of this property were not mentioned among the exceptions listed. They remained open for the jury's appraisal as to their existence, their bona fides, and their weight and bearing, if any, upon the fair market value of the land.

█ Defendants assign as error the failure of the court to decide the legal question whether defendants had a valid permit for the use of their property as a refuse disposal area. There was evidence that defendants had a permit from the county health department which they claimed was sufficient for all purposes. There was also evidence which plaintiff claims showed a need, as to part of the land, for an additional permit from another department of the county pursuant to county zoning ordinances.[1] This presented a legal question for the court to decide. With the evidence properly admitted, as defendants now concede, the appropriate method for the court to make and record this decision was through the medium of suitable instructions to the jury. But defendants' requested no instruction on this subject. This is not the type of situation in which reversible error can be assigned in the absence of such a request. The defendants are in no position to complain.

█ Defendants mistakenly claim the award of $12,852 for the property taken is inadequate, not supported by the evidence. One of plaintiff's witnesses appraised that property at $12,000; another, at $12,852. The fact that defendants' witnesses placed a higher value on it merely created a conflict which the triers of fact resolved in plaintiff's favor.

█ Defendants claim the award of $934.50 for severance damages is likewise inadequate. Their witnesses testified that those damages exceeded $100,000 whereas plaintiff's witnesses said there was no severance damage. That means, defendants in effect say, if there was damage the undisputed evidence demonstrates it amounted to more than $100,000. The jury faced no such dilemma. They may reasonably have deemed unrealistic various factors upon which defendants' witnesses based their valuations. The jurymen, not the witnesses, were the triers of the facts.

---

[1] At the trial and in their opening brief upon this appeal defendants contended that the admission of evidence on that subject was improper.
In their closing brief defendants withdrew this claim.

■ Plaintiff's engineer testified that the proposed improvement would be so constructed, with a ditch and a culvert leading to a natural stream, that when the land not taken is filled to its natural surface elevation, surface waters will flow therefrom across and through the land taken. Defendants objected to this evidence because the complaint says nothing about an easement. We see no impropriety in the admission of this evidence. It serves to describe "the construction of the improvement in the manner proposed by the plaintiff" and is relevant to the issue of ". . . the damages which will accrue to the portion not sought to be condemned, by reason of its severance." (Code Civ. Proc., § 1248.) ■ Section 1248 clearly provides that severance damages be based on the assumption that the improvement is completed. ■■ The proposal need not be described in detail by resolution of the Highway Commission. Such matters may, as here, be delegated to the department's agents and representatives. ■ As said in *People* ex rel. *Dept. P. W.* v. *Schultz Co.,* 123 Cal. App.2d 925, 934 [268 P.2d 117], the ". . . plans were those of the department and the judgment fixes damages based on the assumption that such plans will be carried out substantially as planned. The judgment is correctly predicated on that assumption." It follows that if the plan be changed and such change results in injury to the retained parcel, ". . . appellant could maintain a subsequent action for such damage." (P. 935 of 123 Cal.App.2d. See also *People* v. *Ayon,* 54 Cal.2d 217, 229 [5 Cal.Rptr. 151, 352 P.2d 519]; *People* v. *Adamson,* 118 Cal.App.2d 714, 722-723 [258 P.2d 1020]; *People* v. *Barnes,* 8 Cal.App.2d 185 [47 P.2d 350].)

■ We observe that in the Adamson case the trial court inserted in the findings and the judgment a description of the connection which the property not taken would have with the proposed freeway as planned by the state. Similarly, in the Schultz case, the judgment contained a provision requiring that the improvement be construed substantially as proposed by the state. Of the latter, the reviewing court said: "The provision was obviously inserted in the judgment to protect the appellant. If, in the future, the plans are changed and severance damage to the retained parcel occurs, and appellant brings an action to recover such damage, such provision will conclusively establish that the damages awarded were predicated on the construction of the improvement substantially as proposed, and did not include damage resulting from a change in the plans." (P. 936 of 123 Cal.App.2d.)

In our case, also, some such provision should be incorporated in the findings of fact and the judgment. Accordingly, the findings of fact are amended by adding at the end of paragraph V thereof the following paragraph:

"The proposed improvement as planned by the State is to be constructed in such a manner, with a ditch and a culvert leading to a natural stream, that when the land not taken is filled and restored to its natural surface elevation, surface waters will flow therefrom across and through the land taken."

The judgment is amended by inserting at the end of the first paragraph of the judgment (which paragraph closes with the word "realty") the following paragraph:

"The effect of the proposed improvement upon drainage of surface waters from the property not taken is stated in paragraph V of the Findings of Fact."

As thus modified, the judgment is affirmed.

Bray, P. J., and Duniway, J., concurred.